**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Reid Glazier HANSEN, Defendant–
Appellant.**

**No. 93CA1133.**

Colorado Court of Appeals,
Div. III.

Nov. 9, 1995.

As Modified on Denial of Rehearing
Dec. 21, 1995.

Certiorari Denied Aug. 19, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas K. Carberry, Deputy State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Reid Glazier Hansen, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child as part of a pattern of sexual abuse. Defendant contends the trial court violated his right to due process by refusing to require the prosecutor to elect a specific act on

which the charge was based and to provide that specification in the "pattern of sexual abuse" jury instructions. Defendant also challenges another aspect of those instructions and the trial court's admission of testimony by several witnesses concerning hearsay statements of the child. We affirm.

Defendant was charged in separate counts with sexual assault on a child by a person in a position of trust for his alleged sexual assault of a neighbor girl; aggravated incest for his alleged sexual assault of his son; and sexual assault as part of a pattern of sexual abuse, also for alleged sexual assaults of his son. After a jury trial, defendant was acquitted of sexual assault of the neighbor girl and of aggravated incest but was convicted of sexual assault of his son as part of a pattern of sexual abuse.

## I.

Defendant contends that his right to due process was violated by the trial court's refusal to require the prosecution to elect a specific, predicate act on which to base the charge against him under § 18–3–405(2)(d), C.R.S. (1995 Cum.Supp.) of sexual assault on a child as part of a pattern of sexual abuse. In the circumstances presented here, we conclude that the alleged error must be addressed under a plain error standard and, applying that standard, find no reversible error.

## A.

If defendant failed to bring the objection to the attention of the trial court in a timely manner, our review is limited to determining whether the failure to require an election and provide more specificity in the instruction constitutes plain error. Under this standard, defendant must demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction. *See People v. Rubanowitz*, 688 P.2d 231 (Colo.1984).

An objection pertaining to instructions must be sufficiently specific to bring the alleged error to the trial court's attention. This affords the court an opportunity to cor-rect or clarify misleading or erroneous instructions before they are given to the jury. A general objection that does not articulate the alleged error is therefore insufficient. *See Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579 (Colo.1984).

Here, defense counsel filed a motion before trial requesting that the court order an election of a specific date and act as to the charged offense. No reference was made to any particular count.

At a hearing on the motion, the trial court stated that, in regard to the charge of pattern of sexual abuse, it would give an instruction requiring the jury to be unanimous as to specific acts. In addition, the acts relied on would have to be identified in some fashion. However, the prosecutor was not required to make any election before the presentation of evidence. The court therefore denied the motion as premature, without prejudice to the right of defendant to raise the motion again at the conclusion of the evidence.

At trial, after the prosecution had presented its case, defense counsel again requested that the prosecutor be required to select a specific act. However, counsel then stated it appeared from the jury instructions and discussions off the record that the prosecutor had done so, apparently referring to count two, the charge of aggravated incest. The court responded that it had required that a specific act be elected as to that count.

As to the charge of pattern of sexual abuse in count three, defense counsel argued only that the statute was unconstitutionally vague. The court rejected the argument and then asked for objections to jury instructions. As to the instructions pertaining to the charge of pattern of sexual abuse, defense counsel stated that his only objection was "basically tied in to [the] argument that the sexual assault on a child pattern statute is unconstitutional...."

During its deliberations, the jury in a note indicated that it had reached a verdict on two of three counts but not the third. Defense counsel made no objection to the court's proposed response that the jury continue deliberations. However, counsel indicated defendant was not waiving any argument that, if

the jury did not convict on count two, the charge of aggravated incest, it could not convict on count three because count two specified the predicate offense. Once again, no objection was stated to the form in which any of the counts had been submitted to the jury in its instructions.

At no time during the trial did defense counsel request that the prosecutor elect any specific act or acts relied upon for count three. Nor did defense counsel object to the instructions on pattern of sexual abuse because they failed to specify the acts charged.

After the jury returned its verdicts of not guilty as to counts one and two, but guilty as to count three, defense counsel filed a written motion to vacate the guilty verdict and dismiss the count. The stated basis was that the verdicts were inconsistent because count two, the charge of aggravated incest, provided the predicate act for the charge of pattern sexual abuse. In oral argument on the motion, defense counsel argued that: (1) the prosecutor had not been required to elect a substantive offense for count three; (2) count two had therefore provided the substantive offense; and (3) because defendant had been acquitted of count two, defendant had been convicted of a crime that "cannot occur."

The trial court noted that the instructions pertaining to count three had charged defendant with subjecting the victim to a sexual assault, had set forth all the elements of the crime, and had informed the jurors they had to find either that all of the incidents described in the evidence that met that description had occurred or that two particular incidents had occurred. Concluding that this was all the statute required, the court denied the motion.

In these circumstances, defendant failed to bring to the attention of the court in a timely manner the arguments that the prosecutor should have been required to elect a specific predicate act for the charge in count three of pattern of sexual abuse and that the acts should have been described in the jury instructions pertaining to that crime. *See Blueflame Gas, Inc. v. Van Hoose, supra; cf. Dahl v. Young,* 862 P.2d 969 (Colo.App.1993). Accordingly, reversal is required only if the

failure to provide such specification constituted plain error.

## B.

Section 18–3–405, C.R.S. (1986 Repl.Vol. 8B) defines sexual assault on a child. Section 18–3–405(2), C.R.S. (1995 Cum.Supp.) designates the crime as a class 4 felony, but specifies that it becomes a class 3 felony if:

(d) The actor commits the offense as part of a pattern of sexual abuse. No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years of the offense charged in the information or indictment. *The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).* (emphasis added)

Section 18–3–401(2.5), C.R.S. (1995 Cum. Supp.) defines "pattern of sexual abuse" as "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim."

Section 18–3–405(2)(d) is a sentence enhancement provision, *see People v. Longoria,* 862 P.2d 266 (Colo.1993), which requires, among other things, that the prosecution charge and prove beyond a reasonable doubt that the defendant committed "the offense charged in the information or indictment." Thus, the prosecution must allege and prove the commission of a particular sexual assault with the same degree of specificity as required to allege and prove the commission of sexual assault without enhancement under § 18–3–405(1). The prosecution must then allege and prove, with the same specificity, at least one additional sexual assault within the prescribed time period. *See People v. Graham,* 876 P.2d 68 (Colo.App.1994) (Criswell, J., concurring in part and dissenting in part).

Cases involving charges of continuing sexual abuse of a child present a dilemma. On the one hand, a defendant has the right to sufficient notice of the act or acts charged to

prepare a defense and sufficient specificity to be protected from double jeopardy, as well as the right to require that the jury be unanimous in determining the act or acts upon which a verdict of guilt is based and that the verdict be supported by sufficient evidence. *See People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980).

On the other hand, children are often unable to describe specific incidents of sexual assault. The difficulty in describing a particular incident increases when the child is young, the molester has resided with the child or otherwise has had unchecked access to the child, and the abuse has occurred on a regular basis and in a consistent manner over a prolonged period of time. *See State v. Brown,* 55 Wash.App. 738, 780 P.2d 880 (1989).

Some courts initially resolved this dilemma in favor of the accused. These courts refused to allow a conviction if specification of the charge was not sufficient to identify a particular act on a specific occasion. *See People v. Van Hoek,* 200 Cal.App.3d 811, 246 Cal.Rptr. 352 (1988).

In *People v. Estorga, supra,* our supreme court appeared to have adopted that approach, at least when the evidence permits some differentiation among acts. The child victim in *Estorga* testified generally to several different types of sexual contact but did not indicate what had transpired on any particular occasion. The mother testified that the child had been with the defendant on four or five occasions and had later told the mother that she had been sexually molested. Nevertheless, the mother in her testimony did not describe any specific sexual contact that had occurred during any particular visit.

The trial court in *Estorga* denied the defendant's request at the close of the People's case that the court require an election of a specific instance. The supreme court reversed the conviction. It concluded that "the People are not required to identify the exact date of the offense, but they must individualize and select a specific act." *People v. Estorga, supra,* 200 Colo. at 81, 612 P.2d at 523.

Other courts have provided different solutions to the dilemma in order to further reduce the risk of immunizing from criminal liability the continuing sexual abuse of defenseless children. A common approach has been to require either that the prosecution describe a particular incident or that the jurors be given an additional unanimity instruction informing them that they all must agree the defendant committed the same act. *See Covington v. State,* 703 P.2d 436 (Alaska App.1985); *State v. Brown, supra.*

Yet this has not fully resolved the dilemma. In cases involving "generic" evidence of repeated acts of abuse, the evidence is of such a nature that it does not permit the prosecutor to select a specific incident nor the jury to agree unanimously on a specific incident, no matter how instructed. *See People v. Winkle,* 206 Cal.App.3d 822, 253 Cal. Rptr. 726 (1988).

In *Thomas v. People,* 803 P.2d 144 (Colo. 1990), our supreme court adopted a further refinement in the analysis. Because the evidence provided little basis to differentiate among specific incidents of sexual abuse, the trial court had required the prosecution to elect a particular *type* of act as to each of the two victims. In affirming the conviction, the supreme court concluded that an inability to specify a particular incident of each type of sexual abuse did not necessarily preclude a conviction for sexual assault on a child:

> [W]hen the evidence does not present a reasonable likelihood that jurors may disagree on which acts the defendant committed, the prosecution need not designate a particular instance. If the prosecutor decides not to designate a particular instance, the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts *or that the defendant committed all of the acts* described by the victim and included within the time period charged.

*Thomas v. People, supra,* at 153–54 (emphasis added).

The analysis adopted in *Thomas* had first been articulated in *People v. Jones,* 51 Cal.3d 294, 270 Cal.Rptr. 611, 792 P.2d 643 (1990). The California Supreme Court in that case

had explained the reasoning behind this approach. Even generic testimony outlines a series of specific, albeit undifferentiated, incidents each of which amounts to a separate offense, and each of which could support a separate criminal sanction. Although the jury may not be able to distinguish readily among the various incidents, it is capable of unanimously agreeing that they took place in the general number and manner described.

■ Whether the preferable alternative may be to require an election and give an instruction with at least some specification, as did the trial court in *Thomas,* or to give some form of additional unanimity instruction, such as the supreme court described in *Thomas,* or to do both, as the supreme court suggested in *Thomas,* depends in part on the facts that may be developed at trial. The facts developed may also dictate the form such instructions should take.

The infinite variety of facts presented in these cases falls across a broad spectrum. At one extreme, the evidence may be insufficient to differentiate among repeated incidents of sexual abuse on any basis. In these circumstances, an additional unanimity instruction which permits conviction if the jury agrees the defendant committed all the acts charged can sufficiently protect a defendant's constitutional rights. As explained in *Thomas,* there is no reasonable likelihood of disagreement as to which particular acts were committed or incidents occurred.. Typical defenses, such as alibi or misidentification, are not likely to be reasonable defenses. Rather, credibility is usually the decisive issue. *See State v. Brown, supra.* The jury either will believe that the pattern of sexual abuse occurred or disbelieve it. *See Thomas v. People, supra.*

At the other end of the spectrum, the evidence may provide a basis for clearly differentiating among specific incidents. In these circumstances, the prosecution can be required to elect the incident on which each count is based and no additional unanimity instruction may even be necessary.

Between these extremes, the evidence may provide for some differentiation among acts of sexual abuse, such as by type, time, or location, but not provide a basis for identifying any specific incident. Alternatively, the evidence may be sufficient to identify one or more specific incidents, together with other repeated acts sufficiently differentiated from the identified specific incidents but otherwise undifferentiated from each other.

In circumstances such as these, the likelihood increases that the jury may agree that the defendant committed some acts but not others. This can be particularly true, for example, if the victim initially described one act or one type of act spontaneously and only later, in circumstances casting doubt on the veracity of the later statement, described other acts or types of acts.

An increased likelihood of disagreement does not create an insolvable dilemma. As that likelihood increases, so does the ability to provide at least some specification that differentiates acts in some manner, such as by type of act. In such circumstances, a combination of requiring specification to the extent practicable and providing some form of additional unanimity instruction may best protect the defendant's right to due process and at the same time provide the prosecution the greatest discretion in deciding what acts to include in a count and the number of counts to charge. *See People v. Aldrich,* 849 P.2d 821, 825 (Colo.App.1992) ("[T]he jury ultimately was instructed as to the specific incidents upon which the charges were based, and it was also given [an additional] unanimity instruction. The requirements of *Thomas* therefore were satisfied in all respects.").

However, the question before us is not whether it may have been preferable both to require an election with some specificity that could be included in a jury instruction and to give an additional unanimity instruction. What we must decide is whether the trial court, despite giving an additional unanimity instruction, committed plain error in failing to require an election with some specificity and so instruct the jury.

■ The question is presented in circumstances that in some ways are a mirror image of those presented in *Thomas v. People, supra.* The supreme court concluded in *Thomas* that the failure to give the modified

unanimity instruction was harmless error because of the specification the trial court had provided:

> The trial court significantly narrowed and focused the charges by requiring the prosecution to *elect a particular type of act as to each victim.* The evidence at trial included nothing that would lead a juror to conclude that the acts of those types described by the victims occurred on some occasions testified to by the victim but not on others.... Under these circumstances, we conclude that the jury verdicts reflected the unanimous agreement required by law.

*Thomas v. People, supra,* at 154–55 (emphasis added). As in *Thomas,* we find no reversible error in the circumstances presented here in the trial court's failure both to provide an additional unanimity instruction and require an election with some specificity of the crime charged.

The jury in this case acquitted defendant of the particular incident relied upon in count two, the charge of aggravated incest. However, contrary to defendant's argument to the trial court, the jury instructions did not limit the jury's consideration of a predicate act to that described in count two.

The remaining acts described in the evidence were repeated acts of a few distinct types of sexual abuse of the son occurring in different locations. The jury was instructed that it must unanimously agree that defendant committed the same act or acts or all of the acts described within the period charged.

■ We ordinarily presume the jury followed the instructions, *see People v. Moody,* 676 P.2d 691 (Colo.1984), and we find no reason in this case to presume otherwise. Unlike the evidence presented in support of the charge of aggravated incest, which the jury could have found established merely a dream defendant's son had and not an actual event, no question was raised as to whether any of the other repeated acts of abuse described by the child were merely dreams. The differing circumstances in which defendant's son provided the remaining descriptions of sexual abuse did not raise any separate concerns with the child's credibility.

Other than the incident charged in count two, nothing in the evidence would have led the jury to find defendant committed one type of repeated sexual abuse of his son but not another, or one incident of sexual abuse of a particular type but not another. Defendant did not assert any defense other than that he committed none of the acts. The only contested issue before the jury was whether to believe defendant or his son.

■ In these circumstances, we cannot say there was a reasonable possibility that the failure to require any election of the acts charged or specification in the jury instructions contributed to defendant's conviction for sexual assault on a child as part of a pattern of sexual abuse. We therefore conclude the trial court did not commit plain error in failing to require the prosecution to make any election of the act charged or to provide any specification in the jury instructions concerning this charge.

## II.

Defendant next contends that the instruction concerning a pattern of sexual abuse violated his right to due process because one of the two alternative means of finding a pattern of sexual abuse omitted the element of "sexual contact." We again find no reversible error.

The instruction in question read as follows:

'PATTERN OF SEXUAL ABUSE' means the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim.

The evidence [in] this case raises issues concerning several alleged incidents of sexual assault. In order to find a pattern of sexual abuse, you must unanimously agree that either of the following [has] been proven beyond a reasonable doubt:

1. The defendant committed all of the incidents described by the evidence and included between July 1, 1990 and May 18, 1992, or

2. The defendant committed two or more incidents of sexual contact with the victim described by the evidence between July 1, 1990 and May 18, 1992. The

jurors must unanimously agree that the same two or more incidents have been proven beyond a reasonable doubt.

Defendant argues that the failure to include the phrase "incidents of sexual contact" in the first alternative provided the jury a means to convict him without basing his conviction on incidents of "sexual contact," that is, without finding the incidents involved defendant's knowingly touching the victim's intimate parts, or defendant's intimate parts by the victim, for the purpose of sexual arousal, gratification, or abuse.

Defendant failed to object to the instruction on this basis. Our review is therefore again limited to whether the omission constituted plain error. *See People v. Rubanowitz, supra.*

■ While the better approach may be to include the phrase "incidents of sexual contact" in each of the alternatives, the preceding paragraphs of the instruction twice clarified that the incidents at issue were incidents of sexual contact or sexual assault. Furthermore, defendant did not contest the purpose of the touching at trial; rather, his defense was that the incidents never occurred. Therefore, any omission did not constitute plain error. *See People v. Cowden,* 735 P.2d 199 (Colo.1987); *People v. Esquibel,* 794 P.2d 1065 (Colo.App.1990).

### III.

Defendant contends that the trial court erred in allowing various witnesses to testify about his son's hearsay statements because the statements did not bear sufficient indicia of reliability. We are not persuaded.

■ Section 13–25–129, C.R.S. (1987 Repl.Vol. 6A) provides an exception to the hearsay rule for out-of-court statements made by a child who is the victim of an unlawful sexual offense and sets forth procedures necessary to admit such out-of-court statements. When, as here, the child testifies at the trial, § 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A) provides that a child's hearsay statement concerning sexual assault is admissible in evidence if "the court finds in a hearing conducted outside the presence of the jury that the time, content, and circum-

stances of the statement provide sufficient safeguards of reliability."

In making the determination of reliability, the following factors, while not mandatory standards, are helpful:

(1) Whether the statement was made spontaneously;

(2) Whether the statement was made while the child was still upset or in pain from the alleged abuse;

(3) Whether the language of the statement was likely to have been used by a child the age of the declarant;

(4) Whether the allegation was made in response to a leading question;

(5) Whether either the child or the hearsay witness had any bias against the defendant or any motive for lying;

(6) Whether any event occurred between the time of the abuse and the time of the statement which could account for the contents of the statement;

(7) Whether more than one person heard the statement; and

(8) The general character of the child.

*People v. District Court,* 776 P.2d 1083, 1089–90 (Colo.1989).

■ A trial court's ruling on the admissibility of such statements will not be overturned absent an abuse of discretion. *See People v. Gillispie,* 767 P.2d 778 (Colo.App. 1988).

Defendant challenges the admission of three statements made by his son. In the first, the child volunteered statements to his mother, as they were riding in a car, that indicated defendant masturbated while styling the child's hair on school days. In the second statement, made immediately after the child had showered, he told his mother that defendant with his hand rubbed the child's genitals while the two showered together in the morning. The child made the third statement, that he was bleeding from his rectum and thought it was a result of what defendant had done, to a teacher immediately after he had used the school rest room.

Each of these statements was made after the Department of Social Services was alerted by defendant's adult daughter from a

previous marriage to the possibility that defendant was sexually abusing this child. After the daughter's report, police interviewed the child alone, but he reported no sexual abuse. The police nevertheless informed defendant's wife of a part of defendant's history of sexual assault on children.

Defendant's wife, who had not previously known of this history, secured a restraining order against defendant and then filed for divorce. He thus was no longer permitted to reside in the family home.

Defendant's wife took the child and the child's stepsister to see a therapist to explore whether the children had been sexually assaulted. At the first session, the therapist told the child that defendant was the subject of allegations of sexual assault of other children. It was only after the therapy sessions started that the child began to disclose the incidents of sexual assault which are the subjects of these statements.

The trial court conducted the required *in limine* hearing to determine the reliability of the statements made by the child. *See People v. Bowers*, 801 P.2d 511 (Colo.1990). After the hearing, it made extensive findings regarding the statements, applying the factors delineated in *People v. District Court, supra.*

The court found that each of the statements was spontaneous, that is, "not brought on by any outside force," and not made in response to leading questions. The child's language on each occasion was also age-appropriate. The court further found that the child was not biased against defendant but rather loved his father and wanted to continue some kind of relationship with him.

As to the mother, the witness to two of the three statements, the trial court found that she did not initiate divorce proceedings until after the issue of sexual abuse was raised and that "non-offending parent[s] ... clearly are bias[ed] against people who ... abuse their children" but that does not necessarily make the testimony of those parents unreliable. On the subject of the child's character, the court found there was no evidence suggesting anything that would lead the child to manufacture the statements.

The trial court acknowledged that the statements were made while the child was upset from the memories of acts of abuse rather than from the acts themselves. It also acknowledged that the child made these statements only after he initially denied that defendant had sexually abused him and after he had been told by the therapist that defendant was the subject of allegations of sexual assault of other children. But the court then made the following finding:

[I]t's clear from the evidence that this child wasn't even sure what it meant to be abused.... [H]e clearly had questions about what was the meaning of this.... Now, the fact that he knows these allegations are made concerning his father that people other than himself may have been abused by his father[,] considering the age of the child, I don't believe that those events really account for the content of the statement[s] because the child then in a piecemeal way[,] as he recounts these things, it seems it occurs to him these could have sexual connotations so he tells his mother about that. All this seems logical to the Court and it seems to the Court that it support[s] the credibility of [the] statements and doesn't interfere with the credibility of the statements.

On the basis of all of these findings, the court ruled that sufficient indicia of reliability surrounded these statements and that they may be admitted with the proper instructions.

The record indicates that the trial court carefully considered defendant's argument, made again on appeal, that the reliability of these statements was tainted by events intervening between the alleged acts of sexual abuse and the time the statements were made. We conclude that the court did not abuse its discretion in admitting the statements.

We find defendant's other arguments to be without merit.

Judgment affirmed.

STERNBERG, C.J., and RULAND, J., concur.