**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Donald R. HONEYSETTE, Defendant–Appellant.**

No. 00CA0331.

Colorado Court of Appeals, Div. I.

Jan. 3, 2002.

Certiorari Denied Sept. 9, 2002.

Ken Salazar, Attorney General, Lauren Edelstein–Park, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Donald R. Honeysette, appeals the judgment of conviction entered upon jury verdicts finding him guilty of sexual assault on a child, sexual assault on a child as part of a pattern of sexual abuse, and sexual assault on a child by one in a position of trust. We affirm.

The victim, defendant's eight-year-old stepdaughter, testified that defendant had molested her on more than forty separate occasions. The victim described the nature of the abuse in great detail. Although the victim was unable to specify the time period during which the abuse occurred, she testified that it happened when defendant was living with her in her present home.

The victim's mother testified that defendant lived with them in their present home from August 1998 until the victim disclosed the abuse on April 8, 1999.

## I.

Defendant argues that the trial court's instructions defining a "pattern of abuse" were flawed because they did not require the jury to make a specific finding that he had sexual contact with the victim during the ten-year period preceding the dates of abuse alleged in the information, "on or between September 1, 1997, and April 8, 1999." We are not persuaded.

### A.

The relevant statute defining sexual assault on a child provides as follows: "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Section 18–3–405(1), C.R.S.2001. The jury was instructed accordingly.

Section 18–3–405(2)(d), C.R.S.2001, provides that sexual assault on a child is a class 4 felony, but it is a class 3 felony if:

The actor commits the offense as a part of a pattern of sexual abuse as described in subsection (1) of this section. No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years prior to the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

Under § 18–3–405(2)(d), a "pattern of sexual abuse" is a sentence enhancement that, like the substantive predicate offense, must be proven beyond a reasonable doubt. *People v. Hansen,* 920 P.2d 831, 834 (Colo.App. 1995).

A "pattern of sexual abuse" is defined as "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim." Section 18–3–401(2.5), C.R.S. 2001. The jury was instructed accordingly.

However, the trial court instructed the jury on "pattern of sexual abuse" without referring to the ten-year period specified in § 18–3–405(2)(d):

> In order to find a pattern of sexual abuse, you must unanimously agree that either of the following [has] been proved beyond a reasonable doubt.
>
> 1. The defendant committed all of the incidents of sexual contact with the victim described by the evidence occurring between September 1, 1997, and April 8, 1999.
>
> 2. The defendant committed two or more incidents of sexual contact with the victim described by the evidence occurring between September 1, 1997, and April 8, 1999. The jurors must unanimously agree that the same two or more incidents occurred.

In another instruction, the court directed the jurors to begin by considering the charge of sexual assault on a child. The instruction told the jury that if it found defendant not guilty of that charge, then it had to acquit him of the position of trust charge as well as the pattern of abuse charge. The instruction further explained that if the jury found defendant guilty of the charge of sexual assault on a child, then it was to consider the other two counts separately.

In response to a question from the jury during deliberations concerning the unanimity requirement in the pattern of abuse instruction, the trial court submitted the following supplemental instruction:

> The court further instructs you that before the defendant may be convicted of sexual assault on a child—pattern of abuse, the evidence must prove beyond a reasonable doubt that more than one incident of sexual contact occurred within the time period charged. It is not enough that all jurors agree that two or more incidents occurred. It is necessary that all jurors agree that the identical incidents occurred.

In response to a second question from the jury, the trial court explained that, in order to find defendant guilty under the pattern of abuse instruction, it was not necessary that the "nature or form" of the underlying incidents of sexual contact be identical to each other.

### B.

■ Defendant did not object to any of these instructions on the specific ground he now raises on appeal, that is, that the instructions lacked language requiring the jury to find that the act of sexual contact establishing the "pattern" occurred "within ten years prior to" the predicate act. Accordingly, we review his claim pursuant to the plain error standard. *See People v. Hansen, supra,* 920 P.2d at 833 (an objection pertaining to instructions must be sufficiently specific to bring the alleged error to the trial court's attention). Under that standard of review, reversal is only required if the instructional error affected a substantial right and the record reveals a reasonable possibility that the error contributed to the defendant's conviction. *People v. Hansen, supra.*

### C.

Recently, in *People v. Melillo,* 25 P.3d 769, 779 (Colo.2001), the supreme court held that an information charging a pattern of sexual abuse was sufficient where it alleged that the defendant had committed the offense during a fifteen-month period. The court concluded that the information was sufficient, even though the prosecution was not required to elect the specific dates or times of the acts of abuse on which to base the charge, because the jury instructions required the jury to agree unanimously that the defendant committed all, or the same two, acts of abuse described by the evidence. The *Melillo* court recognized that a "pattern of abuse" is established where there is sufficient proof that the defendant committed at least two discrete acts of sexual contact against the same child within a ten-year period and within the period alleged in the information. In so holding, it assumed that, because one of those acts of abuse must necessarily have preceded the other, both acts may occur within the period alleged in the information.

■ Based on this reasoning, we now expressly hold that both the predicate act and the earlier pattern act or acts may occur

within the period alleged in the pattern of sexual assault count of the information. *See People v. Melillo, supra.*

■ Here, under the instructions given, it would have been impossible for the jury to find defendant guilty of the pattern of abuse enhancer unless it found beyond a reasonable doubt that he had committed at least two separate acts of sexual contact upon the same victim within the period alleged in the information. Because that period was less than ten years, and because the victim was under the age of ten when she testified at trial, the requirements in § 18-3-405(2)(d) for finding a pattern of sexual abuse were necessarily satisfied because the later occurring act of abuse constituted the predicate act and the earlier act (or acts) of abuse constituted the "pattern" act (or acts) within the prior ten years.

### D.

In *People v. Gholston,* 26 P.3d 1, 14 (Colo. App.2000), a division of this court found plain error requiring reversal of the defendant's conviction for child sexual assault as part of a pattern of sexual abuse because the elemental instruction failed to require that the jury make a finding whether the act of sexual contact establishing the "pattern" act occurred "within ten years prior to" the predicate act. However, we conclude defendant's reliance on *Gholston* is misplaced.

In *Gholston,* the victim was able to specify the date of the act of abuse that was alleged as the predicate act in the pattern of abuse charge. Although the division found that there was evidence of acts of sexual abuse that occurred after the date of that predicate act, it concluded that those incidents of abuse could not be substituted as the predicate act for the pattern of abuse charge because they had been specifically charged and prove under a separate statute as sexual assaults on a child committed by one "in a position of trust." *See* § 18-3-405.3, C.R.S.2001. Thus, the division determined that the error in the instructions, which was compounded in closing argument when the prosecutor suggested that the sequence of the incidents of abuse was irrelevant to a determination of the pattern of abuse charge, required reversal because there was no evidence presented establishing an incident of abuse occurring in the ten-year period preceding the predicate act. Significantly, however, nothing in *Gholston* suggests that a pattern of abuse charge cannot be established by proof of two separate incidents of sexual contact with the same child occurring within ten years of each other and also within the time period alleged in the count of the information setting out the pattern of abuse charge.

■ The fact that defendant was separately charged with, and convicted of, sexual abuse on a child by one in a position of trust does not alter our determination that the "pattern of sexual abuse" instructions were adequate. Although defendant correctly asserts that a conviction of sexual assault on a child by one in a position of trust under § 18-3-405.3 cannot constitute the predicate act of sexual abuse for purposes of the "pattern of sexual abuse" enhancer of § 18-3-405(2)(d), *see People v. Gholston, supra,* 26 P.3d at 14, we are not aware of any reason why such a conviction cannot constitute the earlier-occurring "pattern" act.

Here, the information alleged that defendant committed the crime of sexual assault on a child by one in a position of trust during the same period alleged in the counts charging sexual assault on a child and sexual assault on a child as part of a pattern of abuse. The elements of sexual assault on a child and the elements of sexual assault on a child by one in a position of trust are identical except that the latter offense requires proof that the defendant was in a "position of trust" with respect to a victim under the age of eighteen. *Compare* § 18-3-405 *with* § 18-3-405.3. Because defendant did not dispute the victim's age or the fact that he was a person in a "position of trust," the jury could have found defendant guilty of sexual assault on a child by one in a position of trust based on evidence of any of the incidents of sexual contact. Thus, there is no reason for us to presume that the jury based its verdict as to that charge on evidence of an incident that occurred after the incident of sexual contact that it found constituted the predicate act for the "pattern of sexual abuse" charge. Ab-

sent such a presumption, defendant is unable to demonstrate that he was prejudiced by the omission of language in the "pattern of sexual abuse" instruction requiring a finding that the "pattern" act occurred "prior to" the predicate act.

For the foregoing reasons, we reject defendant's claim of instructional plain error.

## II.

In a related argument, defendant asserts that there is insufficient evidence in the record to support the jury's finding of a "pattern of sexual abuse." Again, we disagree.

When sufficiency of the evidence is the basis for an appeal of a jury verdict, we must determine whether the evidence, when viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty beyond a reasonable doubt. In making this determination, we must give the prosecution every reasonable inference that can be fairly drawn from the evidence. *People v. Johnson*, 923 P.2d 342, 346 (Colo.App.1996).

■ Here, the evidence, when viewed with the benefit of all inferences favorable to the prosecution, establishes that defendant subjected the victim to numerous separate incidents of sexual contact within the time period alleged in the information. Accordingly, we conclude there is sufficient evidentiary support for the jury's verdict finding defendant guilty of sexual assault on a child as part of a pattern of sexual abuse.

## III.

Finally, defendant argues that the trial court erred by denying his challenge for cause to a prospective juror. We conclude the trial court acted within its discretion.

■ The right to challenge a juror for cause is an integral part of a fair trial. A prospective juror should be disqualified for cause if he or she is biased and cannot render a fair and impartial verdict according to the laws and evidence presented at trial. Section 16–10–103(1)(j), C.R.S.2001. Under § 16–10–103(1)(j), the trial court must sus-

tain a challenge for cause to a prospective juror if the juror has a state of mind "evincing enmity or bias toward the defendant or the state." However, this section further provides that no juror

shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he [or she] will render an impartial verdict according to the law and the evidence submitted to the jury at the trial.

Moreover, a prospective juror's indication of a preconceived belief as to some facet of the case does not warrant exclusion for cause. *People v. Vecchiarelli–McLaughlin*, 984 P.2d 72, 75–76 (Colo.1999).

■ A trial court's ruling denying a challenge for cause may be reversed on appeal only if the trial court abused its discretion. This high standard gives deference to the trial court's assessment of the credibility of a prospective juror's responses and recognizes the trial court's unique perspective in evaluating the demeanor and body language of live witnesses, thereby discouraging an appellate court from second-guessing those judgments on the basis of a cold record. The trial judge is the only judicial officer able to assess fully the attitudes and state of mind of a potential juror by personal observation of the significance of what linguistically may appear to be inconsistent or self-contradictory responses to difficult questions. *People v. Vecchiarelli–McLaughlin, supra.*

■ Here, the prospective juror at issue stated that, although she understood that defendant was presumed innocent, she "would like to hear both sides." Defense counsel then asked whether she would be able to follow the trial judge's instruction concerning a defendant's right to remain silent. The prospective juror replied, "He's the boss." Upon further inquiry, the prospective juror stated that the absence of testimony from the defendant was something she would "probably" wonder about during deliberations.

Defendant challenged the prospective juror for cause. The trial court denied the challenge, finding that the prospective juror's statement indicating that she would follow the court's instructions was sufficient to demonstrate her ability to serve as a fair and impartial juror. Defendant used a peremptory challenge to remove the prospective juror from the panel and then exhausted his remaining peremptory challenges.

We cannot say that the trial court abused its discretion by relying on the prospective juror's assurance that she would respect the authority of the trial court and follow its instruction not to draw any adverse inference based on defendant's exercise of his right to remain silent. *See Morrison v. People*, 19 P.3d 668, 670–73 (Colo.2000)(no abuse of discretion where trial court denied defendant's challenge for cause to a prospective juror who stated that she would have to hear "both sides" before she would render her verdict because the juror also indicated that she would base her verdict on the evidence presented at trial and follow the court's instruction concerning the presumption of innocence).

The judgment is affirmed.

Judge METZGER and Judge NEY concur.