The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Brett Dewitt BROWN, Defendant–
Appellant.

No. 00CA0821.

Colorado Court of Appeals,
Div. IV.

May 9, 2002.

As Modified on Denial of Rehearing
Oct. 31, 2002.

Certiorari Denied May 19, 2003.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Brett Dewitt Brown, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of sexual assault on a child—pattern (counts one and two) and one count each of attempted aggravated incest, attempted sexual assault on a child—position of trust, attempted incest, and attempted first degree sexual assault. He also appeals the sentence imposed. We affirm in part, reverse in part, and remand for further proceedings.

The charges involved three victims, two of whom were defendant's nieces. The two pattern counts alleged that defendant sexually abused victim K.B. twice between September 6, 1995 and December 31, 1998, during which time she was under the age of fifteen. The remaining counts involved R.B., defendant's other niece, and a teenage friend of R.B.

The evidence at trial established that defendant had sexually assaulted the victims on six different occasions while they slept at the house where he lived with one niece's father.

Counts one and two were based on two sexual assaults against K.B. For each count, one sexual assault was asserted to be the predicate act, while the other was alleged to be an incident of sexual contact involving a child, which was necessary to establish a conviction of sexual assault on a child—pattern.

### I. Sexual Assault on a Child— Jury Instructions

Defendant contends that his convictions for counts one and two should be vacated because the jury verdict form did not require that the jury make a unanimous finding that defendant committed the predicate offense of sexual assault on a child separate and apart from the pattern determination. We conclude the verdict form was incorrect, but the error does not rise to the level of plain error.

██ Notwithstanding defendant's contention that we should review this issue for structural error or constitutional plain error, we note that defendant did not object either to the jury instructions defining the offense of child sexual assault or to the jury verdict forms. *See Griego v. People*, 19 P.3d 1, 8 (Colo.2001)(holding that a jury instruction that is erroneous, because it either omits or misdescribes an element of the offense, is not subject to structural error analysis, but instead constitutes trial error subject only to constitutional harmless or plain error review). Thus, we review his claims of instructional error for plain error only. Under this standard, defendant must demonstrate not only that the error, if any, affected a substantial right, but also that there is a reasonable possibility that such error contributed to his conviction. *See People v. Hansen*, 920 P.2d 831 (Colo.App.1995).

Section 18–3–405(1), C.R.S.2001, defines sexual assault on a child. It provides as follows: "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim." The jury was instructed accordingly.

Section 18–3–405(2), C.R.S.2001, designates the crime as a class 4 felony, but specifies that it becomes a class 3 felony if:

(d) The actor commits the offense as a part of a pattern of sexual abuse.... No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years prior to the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18–3–401(2.5).

Section 18–3–401(2.5), C.R.S.2001, in turn, defines a "pattern of sexual abuse" as "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim."

██ Under § 18–3–405(2)(d), a "pattern of sexual abuse" is a sentence enhancement that, like the substantive predicate offense, must be proven beyond a reasonable doubt. *See People v. Longoria*, 862 P.2d 266 (Colo. 1993); *People v. Luman*, 994 P.2d 432, 438 (Colo.App.1999).

If a defendant is convicted of sexual assault on a child—pattern, pursuant to § 18–3–405(2)(d), the court is required to sentence the defendant in accordance with the mandatory sentencing provision for violent crimes under § 16–11–309, C.R.S.2001. Section 18–3–405(3), C.R.S.2001.

The violent crimes sentencing provision provides that: "A person convicted of two or more separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." Section 16–11–309(1)(a), C.R.S.2001.

Here, although the jury was not provided with a separate pattern offense instruction, the identical jury verdict form was used for counts one and two, which stated:

II.      \* We, the jury, find the defendant, BRETT DEWITT BROWN, NOT GUILTY of SEXUAL ASSAULT ON A CHILD—PATTERN.

_____

FOREPERSON

II.      \* We, the jury, find the defendant, BRETT DEWITT BROWN, GUILTY of SEXUAL ASSAULT ON A CHILD—PATTERN.

_____

FOREPERSON

\* The foreperson may sign only one of the above (I or II). If the verdict is NOT GUILTY, then I. Above should be signed. If the verdict is GUILTY, then II. Above should be signed.

\* If you find the defendant guilty of SEXUAL ASSAULT ON A CHILD—PATTERN, you must also complete this section by placing, in ink, a "X" in the appropriate box indicating your decision.

ONLY ONE SQUARE may be filled in, with the remainder to remain unmarked.

\* \* [ ] We, the jury, unanimously find, beyond a reasonable doubt that the defendant committed two or more incidents of sexual contact with the victim described by the evidence between September 6, 1995 and December 31, 1998. The jurors must unanimously agree that the same two or more acts have been proven beyond a reasonable doubt.

\* \* [ ] We, the jury, unanimously find, beyond a reasonable doubt that the defendant committed all the acts of sexual contact described by the evidence between September 6, 1995 and December 31, 1998.

_____

FOREPERSON

The jury was informed—through the evidence and closing arguments—of the two incidents upon which the prosecution relied for the predicate acts of sexual assault on a child. The prosecution referred to these incidents as the "first touching incident," describing the predicate act for count one, and the "booby incident," describing the predicate act for count two. The prosecution presented no evidence of any other incidents of sexual assault on a child related to K.B.

The jury found defendant guilty of both counts of sexual assault on a child—pattern and found that defendant had committed two or more incidents of sexual contact with the victim.

Defendant contends that the jury verdict form language is confusing and ambiguous because the jury was instructed to complete the verdict form for "SEXUAL ASSAULT ON A CHILD—PATTERN," rather than for sexual assault on a child. We agree that the jury verdict form should not have included the word "pattern," because pattern is a sentence enhancement, not a separate offense. _See People v. Bowring_, 902 P.2d 911, 919 (Colo.App.1995). Accordingly, the jury verdict forms should have required the jurors to determine whether defendant was guilty of sexual assault on a child, for counts one and two, with interrogatories then used to determine whether the pattern sexual abuse allegations had been established. _See People v. Hoefer_, 961 P.2d 563 (Colo.App.

1998); _cf. People v. Garcia_, 28 P.3d 340 (Colo.2001)(jury instructions must state that jury must first determine whether defendant is guilty of second degree murder; then it may consider sentence mitigator of provocation).

However, we conclude that this mistake was not plain error because there is no reasonable possibility that this error contributed to defendant's convictions. Based on the instructions, the interrogatory, and the testimony describing only two incidents, the jury could not have convicted defendant without unanimously finding that he had committed the two alleged acts of sexual abuse. _See People v. Hansen, supra_, 920 P.2d at 837 (noting that appellate courts presume that the jury followed the instructions). Accordingly, the error in the verdict form does not undermine our confidence in the jury's verdict. _See People v. Melillo_, 976 P.2d 353 (Colo.App.1998)(§ 18–3–405(1) defines the offense, and § 18–3–405(2) merely describes circumstances that, if present, elevate the crime to a class 3 felony), _rev'd on other grounds_, 25 P.3d 769 (Colo.2001); _see also People v. Honeysette_, 53 P.3d 714, 2002 WL 5518 (Colo.App. No. 00CA0331, Jan. 3, 2002)(upholding conviction for sexual assault on a child as part of a pattern of abuse and concluding that jury instructions, which, for all practical purposes, were identical to those given here, were sufficient to ensure unanimous finding that defendant committed a predicate act and at least one other act of abuse); _People v. Hoefer, supra_, 961 P.2d at 567; _People v. Hansen, supra._

### III. Proof of Pattern of Sexual Abuse Charges

Defendant contends that the prosecution failed to prove all the requisite elements of the two pattern offenses. We agree in part.

The interpretation of a statute presents a question of law subject to de novo review. _Hendricks v. People_, 10 P.3d 1231, 1235 (Colo.2000).

To convict a defendant of sexual assault—pattern, the prosecution must prove that an incident of sexual assault on a child was "committed within ten years prior to the

offense charged in the information or indictment." Sections 18–3–401(2.5), 18–3–405(2)(d).

## A. Predicate Offenses

Defendant contends that the jury did not enter unanimous verdicts on the predicate offenses underlying the pattern convictions. Because we have previously concluded that the jury unanimously convicted defendant of two acts of sexual assault on a child, we reject this contention.

## B. Count One—Pattern Offense

■ Next, defendant contends that, with respect to count one, the prosecution failed to prove that he committed an incident of sexual assault that preceded the charged offense, or predicate act. We agree.

Here, as stated above, the prosecution alleged only two incidents of sexual assault on a child: the "first touching incident" (count one) and the "second booby incident" (count two). The prosecution alleged no other incidents of sexual assault on a child that preceded the "first touching incident." Because the "booby incident" occurred after the "first touching incident," the "booby incident" may not serve as a predicate offense with respect to count one as a matter of law. *See People v. Gholston,* 26 P.3d 1, 15 (Colo.App.2000) (noting that although there was considerable evidence of later sexual acts, there was no evidence in the record of another act of sexual abuse within ten years prior to the predicate act). Thus, the "booby incident" may serve as a predicate offense, with the "first touching incident" as a prior offense, but not vice versa.

Therefore, because of the absence of a prior incident to support count one, the trial court erred as a matter of law in entering a judgment of conviction for sexual assault on a child—pattern. However, because we have concluded that the jury unanimously found that defendant committed two acts of sexual assault on a child, the trial court must enter a judgment of conviction for sexual assault on a child for count one. *Cf. People v. Glover,* 893 P.2d 1311, 1315 (Colo.1995)(when a conviction must be vacated as duplicative, the trial court should select the "combination of offenses that produce[s] the most convictions and the longest sentences in order to maximize the effect of the juries' verdicts"). Accordingly, defendant stands convicted of a class four felony, sexual assault on a child (count one) and a class three felony, sexual assault on a child—pattern (count two).

## C. Count Two

■ To the extent that defendant argues that count one cannot serve as an incident of sexual assault to establish the pattern in count two, because it did not precede the dates of abuse alleged in the information, we reject this argument. Recently, a division of this court expressly held that both the predicate act and the earlier pattern act may occur within the period alleged in the pattern of sexual assault count of the information. *People v. Honeysette, supra.*

## III. Venue

■ Defendant next contends that the evidence was insufficient to convict him of attempted aggravated incest and attempted sexual assault on a child—position of trust because the prosecution failed to prove that the incidents occurred in Arapahoe County. We disagree.

Here, the felony complaint and information for counts three and four alleged that the incidents occurred in Arapahoe County. However, at trial, which was held in Arapahoe County, testimony by two witnesses, including R.B., indicated that the offenses occurred at R.B.'s father's house in the City and County of Denver. No evidence was introduced to the contrary.

Defendant contends that the prosecution had to prove beyond a reasonable doubt that the offenses occurred in Arapahoe County based on the allegations in the felony complaint and information. We disagree.

Section 18–1–202(11), C.R.S.2001, provides in pertinent part:

> Proof of the county in which the offense occurred or which county is the proper place for trial pursuant to this section *shall not constitute an element of any offense* and need not be proven by the prosecution

at trial unless required by the statute defining the offense. *Any challenge to the place of trial pursuant to this section shall be made by motion in writing no later than twenty days after arraignment, except for good cause shown.* ... Failure to challenge the place of trial as provided in this subsection (11) shall constitute a waiver of any objection to the place of trial. (Emphasis added.)

Here, because the applicable statutes do not require that the prosecution prove venue as an element of the offense, the prosecution had no burden to prove that the incidents took place in Arapahoe County.

Defendant argues § 18-1-202(11) is unconstitutional because it removes venue from the elements the prosecution must prove and removes the requirement that a defendant's waiver of venue must be knowing, voluntary, intelligent, and affirmative. However, these issues were raised for the first time on appeal; therefore, we will not address them. *See People v. Shepherd,* 43 P.3d 693 (Colo.App. 2001)(an appellate court will not consider constitutional challenges to statutes raised for the first time on appeal).

In the alternative, defendant contends that the trial court had no jurisdiction because, although the information alleged that the crimes occurred in Arapahoe County, the undisputed evidence showed they occurred in Denver. Again, we disagree.

A defendant may be prosecuted in Colorado for crimes committed wholly or partially within the territorial boundaries of the state. Thus, criminal jurisdiction over felonies committed in Colorado generally extends to all district courts in the state. *See People v. Burgess,* 946 P.2d 565 (Colo.App. 1997). Therefore, we conclude that regardless of where in Colorado the information alleged the crimes had occurred, the trial court had jurisdiction.

Relying on *People v. Williams,* 984 P.2d 56, 60 (Colo.1999), defendant further contends that the information was substantially defective because it erroneously alleged that the offenses were committed within the jurisdiction of the Arapahoe County district court or were triable therein. We disagree and conclude that *People v. Williams* is distinguishable for two reasons.

First, in *Williams,* the supreme court concluded that an information that fails to charge an essential element of an offense is substantively defective. Here, because the county in which the crime occurred is not an essential element of a crime and need not be proved beyond a reasonable doubt, the erroneous allegation of venue did not constitute reversible error. Indeed, the erroneous allegation of venue here was harmless, because defendant was aware of the mistake early on and was not prejudiced by the error. Further, pursuant to § 18-1-202(11), defendant could have moved for change of venue within twenty days after his arraignment, but did not do so.

Second, the *Williams* court concluded that an information is sufficient if it can be understood that "the offense was committed within the jurisdiction of the court or is triable therein." *People v. Williams, supra,* 984 P.2d at 60. The rationale for this requirement is that an information serves two vital interests of a constitutional dimension: (1) it provides the defendant with notice of the offense charged, as well as the factual circumstances surrounding the offense so that the defendant can adequately prepare a defense; and (2) it protects the defendant from further prosecution for the same offense. *People v. Williams, supra.* Because we have concluded that the trial court had jurisdiction, we further conclude that the information was sufficient, even though it contained a factual error regarding venue. It gave defendant notice of factual circumstances surrounding the charges and alleged that the crimes occurred within the State of Colorado.

Thus, we conclude that the evidence was sufficient to convict defendant of these counts.

## IV. Sentencing

We also reject defendant's contention that an enhanced twenty-year crime of violence sentence on the pattern conviction in count two violates defendant's due process and equal protection guarantees. Defendant argues that since the elements of the pattern

sentence enhancer do not overlap with the elements of a crime of violence (because they do not include use of a weapon, death, or serious bodily injury as an element), the People were required to plead and prove a separate crime of violence count. We disagree.

In both *John Edward Terry v. People*, 977 P.2d 145 (Colo. 1999), and *People v. Alonzo Terry*, 791 P.2d 374 (Colo. 1990), the supreme court held that the General Assembly has mandated crime of violence sentencing for enumerated per se crimes of violence. Pursuant to these decisions, a prosecutor is not required to plead and prove a separate crime of violence count pursuant to § 16-11-309(4) and (5), C.R.S. 2002, for per se crimes of violence. Nevertheless, defendant argues that while other per se crimes of violence have overlapping elements with § 16-11-109 that eliminate the need for pleading and proving a separate crime of violence count, sexual assault on a child—pattern, does not.

While it is true that the elements that must be found to establish this offense do not overlap with the elements contained in the crime of violence statute, the *Terry* decisions broadly held that all forms of sexual assault on a child enumerated in § 18-3-405(2)(a)-(d), C.R.S. 2002, including sexual assault on a child—pattern—were per se crimes of violence. This is so even if the per se crimes of violence do not otherwise contain any of the basic elements for a crime of violence. See *People v. Alonzo Terry, supra*, 791 P.2d at 378. We further conclude that no different result is warranted in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on which defendant relies.

Accordingly, the prosecution was not required to charge and prove a separate crime of violence count, and defendant's due process and equal protection rights were not violated.

On remand, the trial court shall enter a judgment of conviction on count one for sexual assault on a child (class four felony) and sentence defendant accordingly. The trial court may also exercise its discretion to determine whether the sentences for counts one and two should be consecutive or concurrent. *See* §§ 18–1–105(1)(a)(V)(A), 18–1–408(3); *People v. Clifton*, 69 P.3d 81 (Colo. App.2001).

The judgment and sentence are reversed as to count one, and the case is remanded for resentencing on that count and correction of the mittimus. In all other respects, the judgment and sentence are affirmed.

Judge MARQUEZ and Judge VOGT concur.