23CA1706 Peo v Wolf 12-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1706
Larimer County District Court No. 08CR281
Honorable Susan Blanco, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Joel Wolf,

Defendant-Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

---

Philip J. Weiser, Attorney General, Katherine Gillespie, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Daniel Joel Wolf, Pro Se

¶ 1    Defendant, Daniel Joel Wolf, appeals the district court's order denying his Crim. P. 35(a) motion to correct an illegal sentence. We affirm the order but remand for correction of the mittimus.

## I.    Background

¶ 2    Based on evidence that Wolf had sexually abused and taken sexually exploitive photographs of his stepdaughter when she was less than fifteen years old, a jury found him guilty of (1) sexual assault on a child as part of a pattern of abuse (SAOC-pattern); (2) sexual assault on a child by one in a position of trust; (3) aggravated incest; and (4) sexual exploitation of a child. These convictions were reversed on appeal, *see People v. Wolf*, (Colo. App. No. 09CA0248, Nov. 1, 2012) (not published pursuant to C.A.R. 35(f)). Wolf was re-tried in 2013, and a second jury found him guilty of the same offenses.

¶ 3    The district court sentenced Wolf to prison terms of (1) twenty years to life; (2) twelve years to life (concurrent); (3) twelve years to life (concurrent); and (4) eight years (consecutive), respectively — an aggregate sentence of twenty-eight years to life. A division of this

1

court affirmed the 2013 judgment of conviction. *See People v. Wolf*, (Colo. App. No. 13CA2233, Dec. 8, 2016) (not published pursuant to C.A.R. 35(e)).

¶ 4    In 2023, Wolf moved for postconviction relief under Crim. P. 35(a), alleging that one of his sentences — his indeterminate twenty-year SAOC-pattern sentence — was illegal. The district court denied the motion, and Wolf appealed.

## II.    Analysis

¶ 5    We agree with the district court that Wolf's sentence is legal, but we apply different reasoning to reach that conclusion. *See People v. Cooper*, 2023 COA 113, ¶ 7 (we may affirm a postconviction court's ruling on any ground supported by the record). As we understand Wolf's motion, he contends that his aggravated-range prison sentence isn't authorized by statute because (1) SAOC-pattern isn't a per se crime of violence; (2) his indictment didn't include a separate count charging a crime of violence; and (3) the jury didn't find that he had used a deadly

weapon; used threat, intimidation, or force against the victim; or caused bodily injury to the victim. He is incorrect.

¶ 6    Section 18-3-405(1), C.R.S. 2024, defines sexual assault on a child. Section 18-3-405(2) generally designates the crime as a class 4 felony, but specifies that it is a class 3 felony if, among other things, the actor commits the offense as a part of a pattern of sexual abuse. § 18-3-405(2)(d). Wolf doesn't dispute that his SAOC-pattern offense is a class 3 felony. The presumptive sentencing range for class 3 felonies is four to twelve years in prison. § 18-1.3-401(1)(a)(V)(A), C.R.S. 2024.

¶ 7    As relevant here, section 18-3-405(3) provides that, if a defendant is convicted of a class 3 felony sexual assault, such as SAOC-pattern, "the court shall sentence the defendant in accordance with the provisions of section 18-1.3-406," C.R.S. 2024. Section 18-1.3-406 is entitled, "Mandatory sentences for violent crimes," and the relevant subsection, 18-1.3-406(1)(d), provides as follows:

> [A]ny person convicted of a sex offense . . . that constitutes a crime of violence shall be

sentenced to the department of corrections for an indeterminate term of incarceration of at least the midpoint in the presumptive range specified in section 18-1.3-401(1)(a)(V)(A) . . . up to a maximum of the person's natural life . . . .

¶ 8     Wolf doesn't dispute that his sex offense requires an indeterminate prison sentence. Rather, he asserts that the bottom end of the sentencing range for SAOC-pattern is four to twelve years, rather than eight to twenty-four years, because SAOC-pattern isn't "a sex offense . . . that constitutes a crime of violence," absent a separate jury finding that it was a crime of violence. *See* 18-1.3-406(1)(d).

¶ 9     Wolf's interpretation of the relevant statutes is contrary to settled law. The Colorado Supreme Court has interpreted sections 18-3-405(2)(d) and 18-1.3-406(1)(d) to mean that SAOC-pattern is a per se crime of violence, subject to crime-of-violence sentencing. *Hunsaker v. People*, 2015 CO 46, ¶¶ 17-18, 27 (*Hunsaker II*). As a division of this court explained, the statute defining SAOC-pattern *prescribes* crime of violence sentencing by reference to section 18-1.3-406. *People v. Hunsaker*, 2013 COA 5, ¶¶ 42-43, *aff'd,*

*Hunsaker II.*  Under such circumstances, the crime is a per se crime of violence.  *Hunsaker II,* ¶ 18 (citing *Terry v. People,* 977 P.2d 145, 149 (Colo. 1999)).  We can't depart from our supreme court's controlling precedent.  *People v. Smith,* 183 P.3d 726, 729 (Colo. App. 2008).

¶ 10   *Hunsaker II* elaborates that the General Assembly modified section 18-1.3-406 in tandem with its 1998 enactment of the Colorado Sex Offender Lifetime Supervision Act to distinguish between crimes of violence that involve sex offenses and non-sex-related crimes of violence.  *Hunsaker II,* ¶¶ 23-25.  These laws mandate that certain sex offenses (including SAOC-pattern) require indeterminate sentences with a bottom end of at least the midpoint of the presumptive range — the same bottom-end sentencing range as for non-sex-related crimes of violence.  *Id.* at ¶ 27.  But because SAOC-pattern is a per se crime of violence that involves a sex offense, it need not "otherwise contain any of the basic elements for a crime of violence."  *People v. Brown,* 70 P.3d 489, 495 (Colo. App.

2002). In other words, SAOC-pattern is, in itself, a crime of violence.

¶ 11 Because SAOC-pattern is a per se crime of violence, "the prosecution was not required to charge and prove a separate crime of violence count" to the jury. *Id.* The prosecution *was* required to prove the sentence-enhancing "pattern of sexual abuse," and it did so. *See id.* at 491.

¶ 12 As a crime of violence, the statutory minimum prison sentence a court may impose for class 3 felony SAOC-pattern is a term of eight years to life, and the statutory maximum is twenty-four years to life. *See* §§ 18-1.3-401(1)(a)(V)(A), 18-1-406(2)(d). Wolf's twenty-year-to-life sentence falls within the range authorized by statute, so it is a legal sentence.

III. Issues Raised for the First Time on Appeal

¶ 13 In his opening brief, Wolf advances for the first time two claims that weren't presented in his postconviction motion: (1) classifying SAOC-pattern as a "per se crime of violence" is

unconstitutional and (2) the sentencing court lacked subject matter jurisdiction to impose an aggravated sentence.

¶ 14    Because Wolf didn't raise his first claim in his postconviction motion before the district court, we decline to address it.  *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

¶ 15    We will, however, address subject matter jurisdiction claims raised for the first time on appeal.  *See People v. Heredia*, 122 P.3d 1041, 1043 (Colo. App. 2005).  We agree with Wolf that a court acts outside the scope of its jurisdiction when it imposes an illegal sentence.  *See People v. White*, 179 P.3d 58, 61 (Colo. App. 2007). But because we have already concluded that Wolf's sentence is legal, we perceive no jurisdictional defect in this case.

## IV.   Correction of the Mittimus

¶ 16    We note, nostra sponte, that the mittimus incorrectly reflects that Wolf was found guilty of two counts of sexual assault on a child by one in a position of trust (counts 1 and 2), rather than one

7

count of SAOC-pattern (count 1) and one count of sexual assault on a child by one in a position of trust (count 2). Count 1 on the mittimus should be corrected to show that Wolf was found guilty of sexual assault on a child as part of a pattern of abuse under section 18-3-405(1), (2)(d). *See People v. Brown*, 2014 COA 155M-2, ¶ 40.

## V. Disposition

¶ 17　　The order is affirmed, and the case is remanded for correction of the mittimus.

JUDGE J. JONES and JUDGE LIPINSKY concur.