**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ernest GREYMOUNTAIN, Defendant–Appellant.**

**No. 96CA0371.**

Colorado Court of Appeals, Div. III.

Aug. 21, 1997.

Rehearing Denied Oct. 2, 1997.

Certiorari Denied Feb. 23, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Elizabeth Rohrbough, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Ernest Greymountain, appeals from the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. 35(a) and 35(c). Defendant argues that his 16–year sentence is unlawful because it exceeds the maximum sentence permitted under § 16–11–309, C.R.S. (1996 Cum.Supp.). We affirm.

Defendant pled guilty to second degree assault, a class four felony. This offense implicates the "crime of violence" statute, as provided by § 16–11–309, as well as the "extraordinary risk of harm" provisions of § 18–1–105(9.7), C.R.S. (1996 Cum.Supp.).

Defendant concedes that a class four felony subjects him to a presumptive sentencing range of 2 to 6 years and, because a crime of violence was involved, § 16–11–309 provides for double the permissible maximum presumptive sentence. He asserts that the maximum sentence is, therefore, 12 years.

Defendant contends that the court erred in applying the extraordinary risk statute to increase the maximum presumptive sentence provided for a class four felony from 6 to 8 years and then doubling the sentence in applying the "crime of violence" provisions, thereby increasing the maximum presumptive sentence from 8 years to 16 years.

After sentencing, defendant challenged this joint application of the crime of violence statute and the extraordinary risk statute as ultimately resulting in a sentence exceeding the maximum established by the crime of violence statute. We conclude that the court properly applied the statutory scheme.

In construing statutes, this court must determine and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988); *Subsequent Injury Fund v. Trevethan,* 809 P.2d 1098 (Colo.App. 1991). In giving effect to the statute's underlying purpose, this court must seek an interpretation that achieves a just and reasonable result consistent with that purpose. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Rocky Mountain General v. Simon,* 827 P.2d 629 (Colo.App.1992). And, the meaning of any one statutory section must be gathered from a consideration of the entire legislative scheme. *State Highway Commission v. Haase,* 189 Colo. 69, 537 P.2d 300 (1975).

In enacting the extraordinary risk statute, the General Assembly "increased by two years" the "presumptive range" that applies to class four felonies. Section § 18–1–105(9.7)(a),(1996 Cum.Supp.) does not, however, specify the range that is to be increased. Thus, § 18–1–105(9.7)(a) can only be read as modifying § 18–1–105(1)(a), C.R.S. (1986 Repl. Vol 8B), which defines the presumptive range of all sentences, by supplying a new category of sentences for the extraordinary risk crimes.

Defendant argues that the court's manner of calculating the maximum sentence, by first

applying § 18–1–105(9.7)(a) to increase the permissible range maximum, and then doubling the increased maximum under subsection § 16–11–309, violated the cap set out for crimes of violence under § 16–11–309. Specifically, § 16–11–309 limits the maximum sentence for crimes of violence to:

> not more than twice the maximum term, provided for such offense in section 18–1–105(1)(a), C.R.S. . . .

Defendant argues that since § 18–1–105(1)(a) establishes a 6–year maximum for class four felonies, § 16–11–309 caps the maximum sentence for a class four felony offender at 12 years.

■ However, this argument does not recognize the implicit modification of § 18–1–105(1)(a) contained in § 18–1–105(9.7)(a). In effect, § 18–1–105(9.7)(a) added a category of class four felonies that presents an extraordinary risk of harm, and established a maximum presumptive sentence of 8 years for that category of crimes. Thus, § 16–11–309 applies to permit a doubling of the new maximum and authorizes the 16–year sentence imposed by the court.

Order affirmed.

STERNBERG, C.J., and HUME, J., concur.