**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David C. HOEFER, a/k/a Jim Gorman, a/k/a Jimmy Gorman, Defendant–Appellant.**

**No. 97CA0555.**

Colorado Court of Appeals, Div. I.

April 30, 1998.

Rehearing Denied June 11, 1998.

§ 24–51–1105, C.R.S.1997.

of sexual abuse. Defendant also appeals his sentence as an habitual criminal. We affirm in part and vacate in part.

The evidence at trial established the following facts. On October 18, 1995, an undercover police officer purchased an ounce of marijuana from defendant at defendant's apartment. Defendant informed the officer that he could sell him a quarter pound of marijuana in the future. During the transaction, the officer observed a young teenage girl with her arm around defendant. After the officer left the apartment, he learned that the girl he had seen in the apartment was defendant's girlfriend.

On October 26, 1995, police officers executed a search warrant at defendant's apartment. The officers seized three bags of marijuana as well as small quantities of steroids and methamphetamine. The girl previously seen by the undercover officer was present in the apartment at the time of the search and was wearing only a tee-shirt and underwear. The girl told the undercover officer that she was fourteen years old.

Defendant, who was thirty on the day of his arrest, told the undercover officer that he and the girl had been living together in the apartment for approximately three months. Defendant's description of their living arrangement was corroborated by the officer's own observations of the apartment during the execution of the search warrant. Defendant told the officer that the girl's mother had made him the girl's "guardian," that he knew she was only fourteen, and that they had been having sexual intercourse together on a regular basis during the time they lived together.

Based on information regarding defendant's "guardianship" of the girl, he was charged with sexual assault on a child by one in a position of trust. However, defendant was acquitted of that charge at trial.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Laura A. Edelstein, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Russel S. Ray, Denver, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, David C. Hoefer, appeals from the judgments of conviction entered upon jury verdicts finding him guilty of distribution of marijuana, possession of marijuana with intent to distribute, possession of a schedule II controlled substance, possession of a schedule III controlled substance, and sexual assault on a child as part of a pattern

I.

█ Defendant first argues that the trial court abused its discretion by denying his motion to sever the two child sexual assault charges. We disagree.

Crim. P. 14 provides that if a joinder of offenses will prejudice the defendant, the trial court may order separate trials on the counts charged. A motion to sever counts is addressed to the sound discretion of the court, whose decision will not be overturned absent an abuse of discretion. Abuse of discretion is found when it is demonstrated that the joinder caused actual prejudice to the defendant and not a mere difference in trial strategy and that the trier of fact was not able to separate the facts and legal principles applicable to each offense. *People v. Rosa,* 928 P.2d 1365 (Colo.App.1996).

Here, the record amply supports the trial court's finding that, because the narcotics and child sex assault charges were based on such interrelated evidence, severance was inappropriate. Defendant committed the narcotics offenses in the presence of, and in an apartment shared with, the victim of the child sexual assault charges. In addition, evidence of the two crimes was gathered during the same search. Moreover, apart from speculation, defendant has not articulated any prejudice resulting from the denial of his severance motion.

## II.

Defendant next contends that, because the information failed to charge a predicate act of sexual assault on a child, his conviction for sexual assault on a child as part of a pattern of sexual abuse must be set aside. Defendant also asserts the jury instructions were flawed because they did not require a unanimous finding that he committed a predicate act of child sexual assault.

Initially, we note that defendant did not object either to the sufficiency of the information or to the form of the jury instructions defining the offense of child sexual assault as a pattern of sexual abuse. Thus, we review his claims for plain error only. Under this standard, defendant must demonstrate not only that the error, if any, affected a substantial right, but also that there is a reasonable possibility that such error contributed to his conviction. *People v. Hansen,* 920 P.2d 831 (Colo.App.1995). We find no error, plain or otherwise.

### A.

Section 18-3-405, C.R.S.1997, defines sexual assault on a child. Section 18-3-405(2), C.R.S.1997, designates the crime as a class 4 felony, but specifies that it becomes a class 3 felony if:

(d) The actor commits the offense as a part of a pattern of sexual abuse.... No specific date or time must be alleged for the pattern of sexual abuse; except that the acts constituting the pattern of sexual abuse must have been committed within ten years prior to the offense charged in the information or indictment. The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in section 18-3-401(2.5).

Section 18-3-401(2.5), C.R.S.1997, defines a "pattern of sexual abuse" as "the commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim."

Here, the sixth count in the information charged defendant with sexual assault on a child as part of a pattern of sexual abuse and alleged that:

On and between July 1, 1995 and October 26, 1995, in the County of Jefferson, State of Colorado, DAVID CLARENCE HOEFER did unlawfully and knowingly subject another, namely, [the victim], not his spouse, to any sexual contact, and the victim was less than fifteen (15) years of age, and the defendant was at least four years older than the victim....

Thus, it is clear that this count of the information charged a predicate offense of child sexual assault which constituted one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse. Nothing more is required under § 18-3-405(2)(d), C.R.S.1997. *Cf. Erickson v. People,* 951 P.2d 919 (Colo.1998) (discussing adequacy of bill of particulars).

### B.

The record also refutes defendant's claim that the jury instructions did not require a

unanimous finding that he committed a predicate act of child sexual assault.

The elemental instruction in this case defined the offense of child sexual assault as part of a pattern of sexual abuse as follows:

1. That the defendant,
2. In the State of Colorado, at or about the date and place charged,
3. Knowingly,
   a. Subjected another not his or· her spouse,
   b. To any sexual contact, and
4. The victim was less than fifteen years of age, and
5. The defendant was at least four years older than the victim,
6. At the time of the commission of the act, and
7. That the act committed was part of a pattern of sexual abuse.

In addition, the jury was instructed:

The evidence in this case raises issues concerning several alleged incidents of sexual assault. In order to find a pattern of sexual abuse, you must unanimously agree that either of the following have been proven beyond a reasonable doubt:

1. The defendant committed all of the incidents of sexual contact described by the evidence and included between July 1, 1995 and October 26, 1995.
2. The defendant committed two or more incidents of sexual contact with the victim described by the evidence between July 1, 1995 and October 26, 1995. The jurors must unanimously agree that the same two or more incidents have been proven beyond a reasonable doubt.

■ Based on these instructions, and the victim's testimony describing her ongoing sexual relationship with defendant, the jury could not have convicted defendant without unanimously finding that he committed all the alleged acts of sexual abuse or that he committed at least two or more specific acts of sexual abuse of a child. Accordingly, we conclude the instructions were not erroneous. *See People v. Hansen, supra* (upholding conviction for sexual assault on a child as part of a pattern of abuse and concluding that jury instructions identical to those ˙given here were sufficient to ensure unanimous finding that defendant committed a predicate act and at least one other act of abuse).

### III.

In a related claim, defendant argues that the jury's verdict convicting him of sexual assault on a child as part of a pattern of sexual abuse is inconsistent with its verdict acquitting him of sexual assault on a child by one in a position of trust. We disagree.

■ Subject to a single exception not applicable here, factually inconsistent verdicts of guilt and acquittal are not prohibited and do not constitute grounds for reversal. *People v. Frye,* 898 P.2d 559 (Colo.1995) (inconsistent verdicts of guilt and acquittal are forbidden only where, based on the same evidence, a defendant is acquitted of a substantive offense and convicted of conspiracy to commit that same offense).

■ Moreover, the verdicts were not inconsistent. Sexual assault on a child as part of a pattern of sexual abuse and sexual assault on a child by one in a position of trust are based upon separate statutory provisions requiring proof of different elements. *See People v. Valdez,* 874 P.2d 415 (Colo.App. 1993).

### IV.

Defendant was adjudicated as an habitual criminal pursuant to § 16–13–101(1.5), C.R.S. 1997, which requires that the maximum presumptive range sentence for each of his convictions be multiplied by three. In addition, except for his sentence for possession of a controlled substance, the sentences for defendant's other convictions were enhanced by the trial court as "extraordinary risk of harm" crimes. Thus, as pertinent here, defendant was sentenced to concurrent terms of 24 years for each of the two marijuana convictions and 48 years on his conviction for sexual assault on a child.

Defendant argues that the trial court calculated these sentences erroneously. Specifically, he argues that, by first applying the "extraordinary risk of harm" sentence en-

hancement provision to the presumptive range sentence for his two marijuana convictions as well as to his conviction for sexual assault before multiplying the sentence by three, the trial court miscalculated the length of these sentences. We agree in part, but for reasons different from those advanced by defendant.

### A.

Defendant was convicted of the class 3 felony offense of sexual assault on a child as part of a pattern of sexual abuse, an offense which is denominated as an "extraordinary risk of harm" crime. Therefore, the maximum presumptive range sentence is increased from twelve to sixteen years. Sections 18–1–105(9.7)(a) & (b)(X), C.R.S.1997.

■ In *People v. Greymountain*, 952 P.2d 829 (Colo.App.1997), a division of this court held that the presumptive sentencing ranges set forth in § 18–1–105(1)(a), C.R.S.1997, were implicitly modified by the enumeration of "extraordinary risk of harm" offenses subject to enhanced presumptive ranges pursuant to the provisions contained in § 18–1–105(9.7), C.R.S.1997. In determining the interrelationship of these provisions with the crime of violence sentencing enhancement provisions of § 16–11–309, C.R.S.1997, the division in *Greymountain* sought to ascertain the General Assembly's intent by considering the entire legislative scheme and the purposes of the underlying statutes. On the basis of these considerations, the division concluded that the maximum presumptive sentence applicable to the defendant's offense was first to be increased based on the "extraordinary risk of harm" enhancement and then doubled pursuant to the crime of violence sentence enhancement statute.

We find the reasoning of *Greymountain* persuasive and see no reason why the same analysis should not apply when, as here, a defendant is convicted of an "extraordinary risk of harm" crime and adjudicated as an habitual criminal. Accordingly, we conclude that the trial court properly calculated defendant's sentence by increasing the maximum presumptive range sentence for sexual assault on a child to sixteen years and then multiplying it by three pursuant to § 16–13–

101(1.5). *See People v. Daniels,* —— P.2d ——, 1998 WL 177966 (Colo.App. No. 95CA2073, April 16, 1998) (interpreting § 16–13–101(2), C.R.S.1997).

### B.

■ The trial court also determined that defendant's convictions for the class 4 felony offenses of distribution of marijuana and possession with intent to distribute marijuana were "extraordinary risk of harm" convictions subject to sentencing enhancement. Thus, before multiplying the maximum presumptive range sentence for those convictions by three pursuant to the habitual criminal statute, the court first increased the maximum presumptive range for each offense by two years.

There is only one controlled substance offense which constitutes an "extraordinary risk of harm" crime. Under § 18–1–105(9.7)(b)(XI), C.R.S.1997, a conviction for "[u]nlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance with the intent to sell, distribute, manufacture, or dispense, as defined in section 18–18–405" is an "extraordinary risk of harm" crime. However, § 18–18–405(2), C.R.S.1997, specifically excludes "offenses concerning marijuana and marijuana concentrate in section 18–18–406."

Here, defendant was charged with, and convicted of, distribution of marijuana and possession with intent to distribute marijuana in violation of § 18–18–406, C.R.S.1997 (defendant's other two controlled substance convictions under § 18–18–405 were for simple possession only). As set forth above, a violation of § 18–18–406 is not an "extraordinary risk of harm" crime. Therefore, the trial court erred by concluding that defendant's marijuana convictions were subject to "extraordinary risk of harm" sentencing enhancement.

### V.

Alternatively, defendant maintains that, because his conviction for sexual assault on a child as part of a pattern of sexual abuse is subject to crime of violence sentencing en-

hancement, he cannot be sentenced for that conviction pursuant to habitual criminal sentence enhancement provisions. We disagree.

As discussed, an habitual criminal sentence imposed pursuant to § 16–13–101(1.5) must be three times the maximum sentence in the presumptive range for the offense. On the other hand, under § 16–11–309, a person convicted of a crime of violence, such as defendant's conviction here for sexual assault on a child as part of a pattern of sexual abuse, is to be sentenced "to a term of incarceration of at least the midpoint in the presumptive range, but not more than twice the maximum term."

Contrary to defendant's contention, we conclude that the crime of violence sentencing provisions are inapplicable to persons, such as defendant, who are adjudicated as habitual criminals. A contrary construction would result in nonsensical results whereby those convicted of crimes of violence could avoid sentencing as habitual criminals. *See People v. White*, 870 P.2d 424 (Colo.1994) (constructions leading to absurd results will not be followed), *cert. denied*, 513 U.S. 841, 115 S.Ct. 127, 130 L.Ed.2d 71 (1994); *People v. District Court*, 711 P.2d 666 (Colo.1985) (purpose of Habitual Criminal Act is to punish more severely those individuals who show a propensity toward repeated criminal conduct); *People v. Nastiuk*, 914 P.2d 421 (Colo. App.1995) (in the event that two statutes conflict and effect cannot be given to both, the more specific provision prevails as an exception to the general rule).

Accordingly, we conclude the trial court correctly sentenced defendant as an habitual criminal. *See* § 16–13–101(1.5).

Except for the sentences imposed for defendant's convictions for distribution of marijuana and possession with intent to distribute marijuana, the judgments and sentences are affirmed. The sentences for the marijuana convictions are vacated, and the cause is remanded for resentencing for those offenses.

METZGER and ROY, JJ., concur.