**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Richard W. BASTIAN, Defendant–Appellant.**

**No. 96CA1333.**

Colorado Court of Appeals, Div. V.

Nov. 27, 1998.

Rehearing Denied Feb. 18, 1999.

Certiorari Denied Aug. 16, 1999.*

---

* Justice SCOTT does not participate.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jerry N. Jones, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Richard W. Bastian, appeals from the judgment of conviction entered on a jury verdict finding him guilty of harassment by stalking, and from the sentence imposed. We affirm the judgment, vacate the sentence, and remand with directions.

In June and July of 1995, defendant wrote the victim, his former girlfriend, a series of threatening letters from prison. Then, according to the prosecution evidence, after his release in August, he followed the victim's car on three separate occasions. Once, he urged her to pull over. When she did, he entered her car and, during an ensuing argument, told her that she had just "made the worst enemy she would ever have." On the other two occasions, he tailgated her vehicle.

On another occasion, defendant sat for several hours in his car in front of the home where the victim was staying. Subsequently, defendant called the victim anonymously and said "things are about to get scary," and hung up.

Defendant, who testified on his own behalf, denied ever following the victim or calling her anonymously.

Effective July 1, 1995, harassment by stalking, as defined in §18–9–111, C.R.S.1998, became a class 6 felony. Previously, it had been a class 1 misdemeanor. *See* Colo. Sess. Laws.1995, ch. 240, §18–9–111(5)(a), at 1258–1259.

On the first day of trial, the People amended the count of harassment by stalking to allege that the offense was committed between June 1, 1995 and August 25, 1995, rather than between August 1, 1995 and August 25, 1995, as originally alleged. As a result of the amendment, the information encompassed June 1995, when harassment by stalking was still classified as a misdemeanor.

## I. Violation of Statute

Defendant contends that he could not properly be charged with the class 6 felony of harassment by stalking since the jury could have found that he committed the "credible threat" element of the crime prior to the statute's effective date, and therefore, he should have been convicted only of a misdemeanor. More specifically, defendant argues that he could not properly be charged with and convicted of a class 6 felony for harassment by stalking when one of the elements necessary to establish that offense was satisfied in June 1995, prior to the effective

date of the statute making harassment by stalking a class 6 felony. We disagree.

Whether a defendant can be charged under a statute increasing the penalty for a particular crime when the alleged criminal conduct straddles the old and new statutes is apparently an issue of first impression in Colorado.

Harassment by stalking can be committed by making:

> a credible threat to another person and, in connection with such threat, repeatedly follow[ing] that person ... whether or not a conversation ensues, [or] repeatedly mak[ing] any form of communication with that person.

Section 18–9–111(4)(a)(I) & (II), C.R.S.1998.

■ A crime is not committed until all the elements are complete. *See United States v. Payne,* 978 F.2d 1177 (10th Cir.1992); *United States v. Musacchio,* 968 F.2d 782 (9th Cir.1991).

■ Here, since defendant did not consummate the crime by following the victim until August 1995, he could not have been charged until that point. However, a defendant cannot avoid the application of a law increasing the applicable penalty by committing one element of the crime prior to the increase, and then completing the crime after the change.

■ Under defendant's logic, he could not be prosecuted under either the old or the new statute, because neither would apply to him in its entirety. Such an absurd result is inconsistent with the rule of lenity, which otherwise requires that an ambiguous statute be construed strictly in favor of the accused. *See People v. Maass,* 981 P.2d 177 (Colo.App. 1998). Rather, the offender's liability for the applicable punishment attaches upon completion of the crime, not upon completion of isolated elements. *See United States v. Cseplo,* 42 F.3d 360 (6th Cir.1994). Thus, defendant was properly charged with the class 6 felony, and adjudicated a habitual offender under §16–13–101(2), C.R.S.1998.

## II.  *Ex Post Facto* Violation

Further, contrary to defendant's contention, punishing him for the class 6 felony did not violate constitutional prohibitions against *ex post facto* legislation.

Where a law makes the punishment for a crime more onerous than the punishment when the crime was committed, it violates *ex post-facto* principles. *People v. Graham*, 876 P.2d 68 (Colo.App.1994). However, a statute is not rendered unconstitutional as an *ex post facto* law merely because some of the facts upon which it operates occurred before the adoption of the statute. *People v. Bowring*, 902 P.2d 911 (Colo.App.1995) (even when one of the incidents relied on by prosecution to prove pattern sexual abuse may have occurred before effective date of statute, there was no *ex post facto* violation where conduct that triggered the pattern sexual abuse statute occurred after the statute's effective date). *See also People v. Bielecki*, 964 P.2d 598 (Colo.App.1998), (no *ex post facto* violation when trial court applied 1996 statutes requiring single trial for sanity and guilt to offenses committed in July 1995).

"In *ex post facto* analysis, '[t]he critical question is whether the law changes the legal consequences of acts *completed* before [the] effective date' [of the relevant statute]." *United States v. Paradies*, 98 F.3d 1266, 1284 (11th Cir.1996), *cert. denied,* — U.S. —, 118 S.Ct. 598, 139 L.Ed.2d 487 (1997) (emphasis in original).

Numerous federal appellate courts have held that where one or some of the elements of an offense are committed prior to the effective date of a new statute, but the crime is not completed until after the effective date of the new statute, charging the defendant under the newer version of the statute with enhanced penalties, does not violate the *ex post facto* clause of the United States Constitution. *United States v. Manges,* 110 F.3d 1162 (5th Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998); *United States v. Harris,* 79 F.3d 223 (2d Cir.1996), *cert. denied,* 519 U.S. 851, 117 S.Ct. 142, 136 L.Ed.2d 89 (1996); *United States v. Smith,* 46 F.3d 1223 (1st Cir.), *cert. denied,* 516 U.S. 864, 116 S.Ct. 176, 133 L.Ed.2d 116 (1995); *United States v. Cseplo, supra; United States v. Kienenberger,* 13 F.3d 1354 (9th Cir.1994). *Cf. Myers v. District Court,* 184 Colo. 81, 518 P.2d 836 (1974) (statute which allowed district attorney to prosecute certain juveniles as adults was not an *ex post facto* law even though it applied to juveniles who had been adjudicated delinquents prior to the effective date of the statute).

Here, the crime was not completed until August 1995, well after the punishment was increased. Accordingly, *ex post facto* principles were not violated.

## III.  Maximum Permissible Sentence

Defendant next contends that his ten-year sentence exceeds the maximum sentence permitted under the habitual criminal statute, §16–13–101(2), C.R.S.1998. We agree.

Defendant asserts that the maximum sentence he could receive is six years, which results from quadrupling the maximum presumptive range for class 6 felonies – eighteen months. He further argues that the trial court could not first double the presumptive range for class 6 felonies, because he committed harassment by stalking while he was on parole, and then quadruple that number under the habitual criminal statute. The result, according to defendant, would then be an octupling of his sentence in violation of the statutory scheme.

The People, on the other hand, contend that the trial court could properly double the presumptive range of defendant's sentence because he was out on parole when he committed his crime and then quadruple such sentence under the habitual criminal statute.

We agree with the defendant's interpretation.

In interpreting statutes, a court's primary task is:

> to ascertain and give effect to the [underlying] legislative purpose ... To determine legislative intent we look first to the plain language employed by the General Assembly. Words and phrases should be given effect according to their plain and ordinary meaning, and we must choose a construc-

tion that serves the purpose of the legislative scheme, and must not strain to give language other than its plain meaning, unless the result is absurd.

*City of Westminster v. Dogan Construction Co.*, 930 P.2d 585, 590 (Colo.1997).

One year to 18 months is the presumptive range for class 6 felonies. *See* §18–1–105(1)(a)(V)(A), C.R.S.1998. However, where the defendant is on parole when he or she commits a crime, §18–1–105(9)(a), C.R.S. 1998, requires the court to impose a sentence of:

> at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range.

Further, where the defendant has been convicted of three previous felonies, the habitual criminal statute, §16–13–101(2), C.R.S. 1998, requires the court to impose a sentence of four times the maximum of the presumptive range pursuant to §18–1–105, C.R.S. 1998, for the class of felony of which such person is convicted.

Here, defendant concedes that, pursuant to §18–1–105(1)(a)(V)(A), his conviction for a class 6 felony subjected him to a presumptive maximum sentence of 18 months and that, in light of his status as a habitual criminal, §16–13–101(2) required the quadrupling of that maximum, resulting in a six-year maximum sentence. He contends, however, that §16–13–101(2) does not authorize the quadrupling of a sentence that has already been increased under §18–1–105(9)(a), C.R.S.1998, by virtue of a defendant's parole status, as happened here.

■ Thus, the precise question raised on appeal is whether a sentence increased under §18–1–105(9)(a) is within the "presumptive range," as that term is used in §16–13–101(2), and thus, subject to quadrupling under the latter. If a sentence so increased under §18–1–105(9)(a) is *outside* that presumptive range, then §16–13–101 does not authorize the quadrupling of the already increased sentence.

As noted, §18–1–105(9)(a) provides that when a defendant is on parole when he or she commits a crime, the court, if it sentences the defendant to incarceration, must sentence the defendant to a term "of at least the mid-point in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony...." This statutory provision does not modify the term "presumptive range" as set forth in §18–1–105(1)(a)(V)(A). Thus, by the statute's plain meaning, a sentence enhanced under §18–1–105(9)(a) is necessarily outside the presumptive range, as that term is defined in §18–1–105(1)(a)(V)(A).

This conclusion is reinforced by an examination of related statutory provisions. Section 18–1–105(6), C.R.S.1998, directs the trial court to "impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section unless it concludes that extraordinary mitigating or aggravating circumstances are present." Similarly, §18–1–105(7), C.R.S.1998, directs the court to make certain findings, "in all cases, except as provided in subsection (9) of this section, in which a sentence which is not within the presumptive range is imposed...." Thus, these two provisions make clear that the term "presumptive range" refers to the ranges delineated in §18–1–105(1)(a)(V)(A).

*People v. Greymountain*, 952 P.2d 829 (Colo.App.1997), is not to the contrary. There, a division of this court held that the trial court properly increased a presumptive range sentence under §18–1–105(9.7)(a), C.R.S.1998, and then doubled the already enhanced sentence under the crime of violence statute, §16–11–309, C.R.S.1998. *See also People v. Daniels*, 973 P.2d 641 (Colo. App.1998). The *Greymountain* court relied on §18–1–105(9.7)(a) which expressly enlarges the presumptive range established in §18–1–105(1)(a) for certain crimes presenting an extraordinary risk of harm to society. Here, in contrast, §18–1–105(9)(a) does not increase the presumptive range. Thus, *Greymountain* is distinguishable.

■ Since §18–1–105(9)(a) does not redefine the term "presumptive range" as applied to defendants on parole when they commit a

crime, both that statute and the habitual criminal statute, §16–13–101(2), independently provide for enhancing a defendant's sentence. Defendant concedes, and we agree, that in these circumstances, the court may apply the habitual criminal statute so as to impose a sentence up to four times the presumptive range. *Cf. People v. Pena*, 794 P.2d 1070 (Colo.App.1990), *overruled on other grounds* in *Robles v. People*, 811 P.2d 804 (Colo.1991) (enhanced sentencing provisions of related habitual criminal statute preempt enhanced sentencing provisions of crime of violence statute, but defendant who commits multiple crimes of violence arising out of same incident must be given consecutive sentences). Since the presumptive range for a class 6 felony is eighteen months, the maximum sentence which could have been imposed by the court is six years.

Accordingly, the sentence imposed cannot stand.

The judgment is affirmed. The sentence is vacated and the cause is remanded for resentencing of defendant consistent with this opinion.

Judge MARQUEZ and Judge BRIGGS, concur.