The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross–Appellant,

v.

Christopher J. CORDOVA, Defendant–Appellant and Cross–Appellee.

No. 05CA0515.

Colorado Court of Appeals, Div. I.

May 31, 2007.

Certiorari Denied July 21, 2008.

John W. Suthers, Attorney General, Alexander C. Reinhardt, Assistant Attorney General, Denver, Colorado; John Newsome, District Attorney, William B. Bain, Senior Deputy District Attorney, Doyle Baker, Deputy District Attorney, for Plaintiff–Appellee and Cross–Appellant.

James O. Simpson, Evergreen, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge TAUBMAN.

Defendant, Christopher J. Cordova, appeals the judgment and sentence entered upon jury verdicts finding him guilty of eighteen counts of drug possession, sexual assault, and contributing to the delinquency of a minor. The People cross-appeal Cordova's sentence, asserting the court erred in refusing to quadruple the sentence on seven class two felony drug counts because Cordova was adjudicated a habitual criminal. We reverse the sentence in part, otherwise affirm the judgment and sentence, and remand for resentencing.

The People charged Cordova with eighteen counts: six counts of sexual assault on a child, seven counts of unlawful distribution and sale of a schedule II controlled substance as a repeat offender, and five counts of contributing to the delinquency of a minor. The People later added four habitual criminal counts.

The jury returned guilty verdicts on all eighteen counts. However, only sixteen verdict forms and one special interrogatory appear in the record.

Cordova subsequently filed a motion to dismiss the four habitual criminal counts, based on a challenge to the underlying convictions on which those charges were based. The People argued that Cordova's motion to dismiss was time barred, and the trial court held a hearing on this issue. At the hearing, Cordova asserted justifiable excuse or excusable neglect based upon his low mental functioning. At the conclusion of the hearing, the court issued a written order, concluding that the motion to dismiss was time barred.

The People submitted a sentencing memorandum asserting Cordova's sentence must be 144 years to life. It further argued that Cordova's sentences on the drug convictions should be quadruple the presumptive maximum sentence for the seven class two felony drug counts. At the sentencing hearing, the defense stated that it had read the People's sentencing memorandum and agreed with the analysis.

On each of the seven class two felony drug convictions the court sentenced Cordova to twenty-four years in the Department of Corrections (DOC), the maximum of the presumptive range for class two felonies. However, the court did not quadruple those sentences to ninety-six years, as the People had urged.

In addition, the court declined to run the sentences on counts two, six, and nine consecutively, as requested by the People. Nonetheless, by imposing several other sentences to be served consecutively, the court imposed a total sentence of 240 years to life in the DOC, a sentence that exceeded that originally requested by the People.

## I. Verdict Forms

Cordova contends the trial court erred by sustaining the verdicts on counts three and eleven even though the jury did not return signed verdicts on those counts. We disagree.

■ Crim. P. 31(a)(3) provides that a jury verdict "shall be unanimous and signed by the foreman." However, a party waives the requirement that the jury foreperson sign a verdict form where the jury orally announces a unanimous verdict in the presence of the party and the party fails to object to the form of the verdict. *See Joseph v. Rowlen*, 425 F.2d 1010, 1012 (7th Cir.1970)("The proper time to object to a verdict which may appear ambiguous or somehow deficient is at the time it is returned and before the jury is discharged."); *see also N. Pac. R.R. v. Urlin*, 158 U.S. 271, 277, 15 S.Ct. 840, 842, 39 L.Ed. 977 (1895)(defendant waived objection to failure of jury foreman to sign the verdicts; after trial, jurors were polled and affirmed that verdict was correct); *Austin v. Austin*, 42 Colo. 130, 134–35, 94 P. 309, 310–11 (1908) (counsel had obligation to object contemporaneously to unsigned verdict); *cf.* Crim. P. 30 (a party waives any objection to the form of jury instructions if the party does not object before the instructions are submitted to the jury).

Although Colorado's appellate courts have not previously determined whether a defendant may contest the validity of oral jury verdicts in the absence of a signed verdict form in criminal jury trials, several courts in other jurisdictions have held that a defendant waives the right to attack the form of a jury verdict if the defendant fails to object contemporaneously. *See Parker v. United States*, 474 F.2d 697, 697–98 (9th Cir.1973); *State v. Smith*, 299 N.C. 533, 263 S.E.2d 563, 564 (1980); *Renner v. State*, 758 S.W.2d 890, 891 (Tex.App.1988).

■ Here, the jury presented the verdict forms to the court, and the court announced a unanimous verdict of guilt on all charged counts, including count three, misdemeanor sexual assault, and count eleven, sexual assault on a child. The appellate record does not include verdict forms for counts three and eleven. However, the jury returned a signed verdict form for count ten, which was identical to count eleven except that it was charged as a pattern of conduct crime. Thus, the signed jury verdict for count ten arguably encompassed count eleven.

Even if we assume the signed verdict for count ten was insufficient with respect to

count eleven, we conclude that Cordova waived the absence of signed verdict forms on counts three and eleven. First, he did not object to the form of the verdict at trial. Second, Cordova agreed with the People's sentencing memorandum, which included sentence recommendations for counts three and eleven. Third, at sentencing the court imposed sentences on counts three and eleven without objection from Cordova. *See People v. Lopez,* 129 P.3d 1061, 1065 (Colo.App.2005)(error is waived and not subject to plain error review when it results from intentional choice not to assert a right).

Accordingly, the trial court did not err by sustaining the verdicts on counts three and eleven.

## II. Habitual Criminal Charges

Cordova contends the trial court erred in denying his motion to dismiss habitual criminal charges based upon diminished capacity because the trial court found Cordova did not establish justifiable excuse or excusable neglect to overcome the three-year statute of limitations for challenging his prior convictions. We disagree.

■ Section 16–5–402, C.R.S.2006, imposes a three-year statute of limitations on collateral attacks of all, except class one, felonies. A court may consider a collateral attack of a prior conviction if the defendant establishes justifiable excuse or excusable neglect for failing to file a Crim. P. 35(c) motion or other collateral challenge within the statutory period. *People v. Wiedemer,* 852 P.2d 424, 440 (Colo.1993). Whether a defendant qualifies for this statutory exception is a question of fact ordinarily to be resolved by the trial court, whose ruling we will not overturn if its findings are supported by the record. *People v. Wiedemer, supra,* 852 P.2d at 442.

■ The trial court must consider the following factors in determining whether the defendant has established justifiable excuse or excusable neglect: (1) whether circumstances or outside influences prevented a challenge to the prior conviction; (2) whether a defendant who had reason to question the constitutionality of a conviction investigated its validity and took advantage of avenues of relief that were available; (3) whether the defendant either knew that the conviction was constitutionally infirm or had reason to question its validity; (4) whether the defendant had other means of preventing the government's use of the conviction so that a postconviction challenge was previously unnecessary; (5) the time between the date of conviction and the defendant's challenge; and (6) the effect that such period has on the state's ability to defend against the challenge. *People v. Ambos,* 51 P.3d 1070, 1072 (Colo.App.2002)(citing *People v. Wiedemer, supra,* 852 P.2d at 441–42).

■ Here, the People charged Cordova with four habitual criminal counts premised on prior felony convictions entered upon guilty pleas for menacing, burglary, drug possession, and drug use. Cordova conceded that he did not collaterally attack these convictions within the statutory period. However, he argued that a series of events during his childhood and adult life impaired his mental functioning so that he did not understand the consequences of his pleas or the application of the time bar to limit his collateral attack of those convictions. When Cordova was a child, he contracted meningitis, which adversely affected his brain functioning. In addition, he was in special education classes throughout school and repeated the first grade. Finally, Cordova was involved in a serious automobile accident in which his head hit the windshield. Several experts examined Cordova, and one expert concluded Cordova was borderline retarded with an intelligence quotient of seventy-seven.

The court held an evidentiary hearing at which it considered expert and lay testimony as to Cordova's mental functioning. The court found that although Cordova had suffered a head injury from the automobile accident, it was not as extensive as he claimed it to be. The court noted that Cordova knew enough on the night of the accident to request the assistance of an attorney and that after the previous convictions were entered, he made no effort to question them for seven years. In addition, the court noted expert testimony that Cordova did not exhibit any long-term memory loss and testimony that

Cordova was able to serve as a manager of an Arby's restaurant for six months. The court concluded that Cordova's limited education and low level of intelligence did not constitute justifiable excuse or excusable neglect. Finally, the court found that the lapse of time between the earliest conviction in 1991 and Cordova's current motion in 2004 was considerable and would adversely affect the People's ability to defend the validity of the convictions.

We conclude that the trial court appropriately considered all the *Wiedemer* factors to determine justifiable excuse or excusable neglect, and that the court's findings are supported by the record. Therefore, it properly denied Cordova's motion to dismiss the habitual criminal counts.

### III. Quadrupling Sentence for Drug Offenses

■ On cross-appeal, the People argue the trial court erred by refusing to impose a sentence of quadruple the maximum of the presumptive range for each of Cordova's class two felony drug convictions based on his habitual criminal convictions. We agree.

Where the defendant has three prior felony convictions, a sentencing court must impose a habitual criminal sentence for a new felony conviction that is four times the maximum of the presumptive range. Section 18–1.3–801(2), C.R.S.2006. Unlawful distribution and sale of a schedule II controlled substance is increased from a class three to a class two felony if it follows another conviction under the same statute. Section 18–18–405(2)(a)(I)(A)–(B), C.R.S.2006. The maximum presumptive penalty for a class two felony is twenty-four years imprisonment. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2006. Therefore, a court must sentence a habitual criminal convicted of a class two felony under § 18–18–405(2) to four times the maximum presumptive range sentence, which, in this case, is ninety-six years.

Cordova nonetheless contends the trial court properly applied *People v. Bastian,* 981 P.2d 203 (Colo.App.1998), to impose a sentence at the maximum of the presumptive range without quadrupling it. However, *Bastian* is distinguishable.

In *Bastian,* the trial court increased the presumptive maximum sentence by application of two different sentence enhancing provisions, one for parolees and one for habitual criminals (now codified at §§ 18–1.3–401(8)(a)(II) and 18–1.3–801(2), C.R.S.2006). A division of this court held that the habitual criminal statute could be used to quadruple the defendant's sentence, but the parole statute did not permit octupling the presumptive range because it did not modify the "presumptive range" for the class of felony, but rather authorized a sentence above the presumptive range. *People v. Bastian, supra,* 981 P.2d at 207–08.

Here, unlike in *Bastian,* Cordova's drug charges were increased to a higher felony classification because he had previously been convicted of a drug offense. Thus, unlike in *Bastian,* the increase in felony classification did not elevate Cordova's sentence beyond the presumptive range.

■ Where two sentencing statutes act to increase the presumptive sentencing range, those statutes should be applied independently and not to the exclusion of one another. *Martinez v. People,* 69 P.3d 1029, 1032–33 (Colo.2003). Here, Cordova's prior drug felony acted to reclassify the drug charges as class two felonies. This increase in felony classification cannot be used to the exclusion of the habitual criminal statute. Therefore, the trial court should have applied each of the sentence enhancing provisions and quadrupled the presumptive maximum sentence dictated by the higher class two felony classification.

### IV. Resentencing

■ Finally, we address several sentencing constraints the court should consider on resentencing. In general, a trial court retains discretion to impose concurrent or consecutive sentences. *People v. Bass,* 155 P.3d 547, 554 (Colo.App.2006). However, a court must impose consecutive sentences when a defendant is convicted of additional crimes arising from the same incident as a sex offense. Section 18–1.3–1004(5)(a), C.R.S.2006.

 Here, the jury found Cordova guilty of three crimes involving the same victims and dates and arising from the same incident as a sex offense. Those convictions were count two, sexual assault on a child; count six, unlawful distribution and sale of a schedule II controlled substance as a repeat offender; and count nine, contributing to the delinquency of a minor. Therefore, we conclude, on remand the court must impose consecutive sentences on counts two, six, and nine.

We have previously determined the proper sentence for count six is ninety-six years. The court imposed sentences of twenty-four years each on counts two and nine, and the parties do not argue the court abused its discretion in this regard. Therefore, the court must impose a minimum aggregate sentence of 144 years on these three counts. Further, because Cordova was convicted of two counts of sex assault requiring an indeterminate sentence, the maximum sentence is life imprisonment.

 We note one final sentencing requirement. A court may not impose consecutive sentences for convictions supported by identical evidence. Section 18–1–408(3), C.R.S.2006; *People v. Muckle*, 107 P.3d 380, 382 (Colo.2005). As we discussed in Part I, the conviction on count ten appears to be inclusive of count eleven. If those convictions are supported by identical evidence, concurrent sentences must be imposed.

It is within the trial court's discretion to determine whether, on resentencing, the sentences imposed on the remaining counts should be consecutive or concurrent. *See People v. Bass, supra.*

## V. Conclusion

The judgment is affirmed, and the sentence is reversed as to the terms imposed for the seven drug counts. The case is remanded for resentencing on each of the seven counts of unlawful distribution and sale of a schedule II controlled substance as a repeat offender. On remand, the trial court shall quadruple the sentence to ninety-six years for Cordova's seven class two drug felonies, counts four, five, six, seven, thirteen, fifteen, and seventeen, to be imposed consistently with §§ 18–1–408(3) and 18–1.3–1004(5)(a). The court shall also impose consecutive sentences on counts two, six, and nine, and thus must impose a minimum aggregate sentence of 144 years to life in the DOC. Further, the court shall reconsider whether consecutive or concurrent sentences should be imposed on all other counts.

Judge MÁRQUEZ and Judge J. JONES concur.