**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Louis C. ORTEGA, Defendant–Appellant.**

**No. 10CA0398.**

Colorado Court of Appeals, Div. I.

Oct. 13, 2011.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S.2010.

John W. Suthers, Attorney General, Susan E. Friedman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Louis C. Ortega, Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Louis C. Ortega, appeals the district court's order denying his motion for postconviction relief. We affirm.

## I. Background

Pursuant to a written plea agreement, Ortega pleaded guilty to child abuse, knowingly or recklessly causing serious bodily injury to the child. In the plea agreement, Ortega stipulated to a sentencing range of fifteen to twenty years in the Department of Corrections (DOC). He also signed and initialed a Crim. P. 11 advisement form, acknowledging that he was aware of the elements of the crime to which he was pleading guilty, and that he understood the full range of potential penalties, including a mandatory sentencing range of ten to thirty-two years in the DOC. The court accepted his plea as knowing, voluntary, and intelligent; found that he understood the elements of the offense and the penalties associated with his plea; and sentenced him in accordance with the agreement to nineteen years in the DOC.

Ortega filed an unsuccessful Crim. P. 35(b) motion for reconsideration of his sentence. Thereafter, Ortega filed the Crim. P. 35 motion at issue here, seeking to correct an "illegal sentence" and requesting appointment of counsel and an evidentiary hearing. The court denied the motion by written order.

## II. "Illegal" Sentence Claim

Ortega first claims that the nineteen-year sentence imposed on his conviction exceeded the maximum presumptive sentence for his class three felony. The district court rejected Ortega's contention, relying in part on a finding that he had been convicted of a crime of violence. While we perceive no error in the court's ultimate conclusion, we decline to rely on the crime of violence statutes, and affirm on a different basis. *See People v. Eppens,* 979 P.2d 14, 22 (Colo.1999) (appellate court may affirm the court's rulings on any basis supported by the record).

A sentence is "not authorized by law" under Crim. P. 35(a) if it is inconsistent with the statutory scheme outlined by the legislature. *People v. Wenzinger,* 155 P.3d 415, 418 (Colo.App.2006). Such a sentence may be corrected at any time. *See* Crim. P. 35(a).

Here, Ortega was convicted of felony child abuse resulting in serious bodily injury, § 18–6–401(1)(a), (7)(a)(III), C.R.S.2011, a class three felony. The offense is both an extraordinary risk crime and a crime for which the court must sentence a defendant to not less than the midpoint of the presumptive range and not more than twice the presumptive maximum. *See* §§ 18–1.3.–401(10)(b)(X), 18–6–401(7.5), C.R.S.2011 (if a defendant is convicted of the class three felony of child abuse under section 18–6–401(7)(a)(III), "the court shall sentence the defendant in accordance with section 18–1.3–401(8)(d)[, C.R.S. 2011]"); *see also* § 18–1.3–401(8)(d)(I), C.R.S.2011 (if a defendant is convicted of class three felony child abuse under section 18–6–401(7)(a)(III), "the court shall be required to sentence the defendant to the department of corrections for a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range" for that class felony).

Here, we conclude that the presumptive range is first increased in accordance with the extraordinary risk of harm statute, and section 18–1.3–401(8)(d) is then applied to the expanded presumptive range. In reaching this holding, we rely on *People v. Greymountain,* 952 P.2d 829, 830–31 (Colo.App.1997), where a division of this court recognized that

the General Assembly modified the presumptive sentencing ranges for those offenses enumerated as "extraordinary risk of harm" crimes. *See id.* (concluding that the maximum presumptive sentence applicable to the defendant's offense was to be increased based on the "extraordinary risk of harm" enhancement before application of the crime of violence sentence enhancement statute).

We find the reasoning of *Greymountain* persuasive and see no reason why the same analysis should not apply when, as here, a defendant is convicted of an extraordinary risk of harm crime and subject to the mandatory sentencing provisions of section 18–1.3–401(8)(d). *See People v. Hoefer*, 961 P.2d 563, 568 (Colo.App.1998) (applying the reasoning of *Greymountain* to cases where a defendant is convicted of an "extraordinary risk of harm" crime and adjudicated as a habitual criminal).

Thus, we conclude the court properly calculated Ortega's sentence by increasing the maximum presumptive range sentence to sixteen years and then applying the mandatory language of section 18–1.3–401(8)(d), which requires a sentence of between ten years (the midpoint between four and sixteen) and thirty-two years (twice the maximum of sixteen) in the DOC.

Accordingly, because the nineteen-year sentence was within the sentencing range authorized by statute, it was not "illegal" within the meaning of Crim. P. 35(a).

### III. *Apprendi* Claim

■ Ortega next argues that the court erred in imposing an aggravated sentence because he did not (1) admit in open court to any aggravating factors or (2) waive his right to have a jury determine the existence of any aggravating factors. We disagree.

■ Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 488–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Under *Apprendi* and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the statutory maximum is "the maximum authorized by the facts established by a plea of guilty or a jury verdict." *Lopez v. People*, 113 P.3d 713, 727 (Colo.2005) (quoting *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)); *see People v. Hogan*, 114 P.3d 42, 59 (Colo. App.2004) (the statutory maximum is the maximum in the presumptive range for the class of felony, unless "other statutes are applicable that automatically increase the range of sentence for particular crimes").

■ Here, enhancement of Ortega's sentence did not require proof of any fact other than the elements of the crime, which were necessarily proved beyond a reasonable doubt when he pleaded guilty to the charged offense. To the extent Ortega contends that he did not admit to the facts underlying his conviction, we note that a guilty plea waives the right to a jury trial on the issue of guilt of the crime. *See Lopez*, 113 P.3d at 726–27. Further, Ortega specifically admitted to each of the elements of the crime, and he stipulated to the sentencing range.

Thus, Ortega's sentence was not impermissibly aggravated, and the trial court did not err when it sentenced him to nineteen years confinement in the DOC.

### IV. Voluntary Plea

■ Ortega next claims that his plea was not knowing, voluntary, and intelligent because it "included the inducement of an illegal sentence" and because his plea agreement did not include, and he did not understand, the penalties of the "extraordinary risk of harm" aggravator. He also contends his counsel was ineffective in failing to object to imposition of the illegal sentence and that the court and counsel "ambushed" him into pleading guilty to a "longer sentence than agreed to as part and parcel of the plea agreement." We are not persuaded for two reasons.

First, as noted above, Ortega's sentence was not illegally aggravated.

Second, the record refutes his claim that the sentence imposed was longer than the sentence to which he agreed. Although plea agreement incorrectly referred to the crime as a crime of violence, it also correctly

noted that Ortega was subject to mandatory aggravated sentencing. Ortega specifically initialed paragraphs demonstrating his understanding that he was subject to a mandatory minimum sentence of ten years and a maximum of thirty-two years. Further, Ortega's signature appeared on the page of the plea agreement noting that the parties had stipulated to a sentencing range of fifteen to twenty years in the DOC. Also, the record demonstrates that the court imposed sentence in the stipulated range.

To the extent Ortega contends that (1) the court failed to adequately advise him prior to accepting his plea, or failed to ensure his plea was knowing, voluntary, or intelligent; or (2) his counsel was otherwise ineffective, Ortega did not raise these claims in his motion, and we decline to address them on appeal. *See People v. Goldman*, 923 P.2d 374, 375 (Colo.App.1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

We also deem abandoned any additional contentions which Ortega raised in his postconviction motion and which have not been pursued on appeal. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo.1996) (defendant's "failure to specifically reassert on this appeal all of the claims which the district court disposed of ... constitutes a conscious relinquishment of those claims which he does not reassert").

### V. Hearing and Counsel

Finally, because the motion, files, and record clearly establish that Ortega is not entitled to relief, we also conclude that the district court correctly denied his motion without a hearing and without appointing counsel. *See Duran v. Price*, 868 P.2d 375, 379 (Colo.1994); *People v. Flagg*, 18 P.3d 792, 795 (Colo.App.2000).

The order is affirmed.

Judge ROMÁN and Judge BOORAS concur.