24CA0899 Peo v Garcia 11-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0899
City and County of Denver District Court No. 19CR5690
Honorable Karen L. Brody, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kenneth Louis Garcia,

Defendant-Appellant.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Schock and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

---

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Kenneth Louis Garcia, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Kenneth Louis Garcia, appeals the denial of his Crim. P. 35(c) motion without a hearing.  We affirm.

## I.    Background

¶ 2    After Garcia stole property from an elderly homeowner who had hired him to perform yard work, he was charged with multiple counts of theft and giving false information to a pawnbroker.

¶ 3    Trial was set for July 2020, during the height of the COVID-19 pandemic, when most jury trials had been suspended by order of the Chief Justice of the Colorado Supreme Court.  The Chief Justice granted an exemption, however, to allow two test trials to proceed, one of which was Garcia's.  The jury found Garcia guilty of all charges, and the court sentenced him to a controlling term of nine years in prison.

¶ 4    On direct appeal, Garcia argued:

- Several of the trial court's COVID-19 protocols — specifically, requiring prospective and impaneled jurors to wear masks, assigning prospective jurors to the jury selection room in the order they checked in, and seating the impaneled jurors throughout the courtroom rather than in the jury box — violated his constitutional rights.

- The court erred by conducting voir dire in his absence.

- The court erred by admitting expert valuation testimony.

- The prosecution committed misconduct.

- The evidence was insufficient to support his convictions.

A division of this court rejected those arguments and affirmed the judgment of conviction. *See People v. Garcia*, 2022 COA 144, ¶ 1.

¶ 5 While the direct appeal was pending, Garcia filed a pro se Crim. P. 35(c) motion for postconviction relief, and, once the mandate issued, he filed several addendums to the motion (together, the Rule 35(c) motion). The Rule 35(c) motion alleged numerous trial court errors and ineffective assistance of counsel claims.

¶ 6 In a thorough, written order, the postconviction court denied the Rule 35(c) motion without conducting an evidentiary hearing. The court concluded that Garcia was not entitled to postconviction relief because his claims were successive, vague and conclusory, or directly refuted by the record.

## II. Analysis

¶ 7    On appeal, Garcia reasserts many, but not all, of the claims raised in his Rule 35(c) motion.[1]  He contends that the postconviction court erred by summarily denying these claims.  We disagree.

### A. Standard of Review

¶ 8    We review de novo a postconviction court's order denying a Crim. P. 35(c) motion without a hearing.  *People v. Nozolino*, 2023 COA 39, ¶ 7.

### B. Successive Claims

¶ 9    Crim. P. 35(c) allows a defendant to challenge a judgment of conviction on the grounds that it was obtained in violation of his constitutional or statutory rights.  *See* Crim. P. 35(c)(2)(I)-(II); *People v. Valdez*, 178 P.3d 1269, 1279 (Colo. App. 2007).  But a defendant is not entitled to perpetual review of his postconviction claims.  *People v. Melendez*, 2024 COA 21M, ¶ 38.  Therefore, absent limited exceptions not relevant here, a postconviction court must deny any

---

[1] Claims that were raised in the Rule 35(c) motion but not reasserted on appeal are deemed abandoned.  *See People v. Ortega*, 266 P.3d 424, 428 (Colo. App. 2011).

successive claim.  *See* Crim. P. 35(c)(3)(VI)-(VII); *see also People v. Taylor*, 2018 COA 175, ¶ 17 (the language directing a court to deny successive postconviction claims is "mandatory rather than permissive").  A claim is successive if it was already resolved on appeal or in a prior postconviction proceeding, Crim. P. 35(c)(3)(VI), or it could have been raised in an earlier appeal or postconviction proceeding, Crim. P. 35(c)(3)(VII).  In other words, claims cannot be raised more than once, and they must be raised at the first opportunity.

¶ 10     We conclude that most of the claims Garcia raised in his Rule 35(c) motion and reasserted on appeal are successive because they

were resolved on direct appeal or could have been raised on direct appeal.[2]

- *Claim No. 2.* The claim that the trial court erred by proceeding with the trial even after a juror was exposed to COVID-19 and was replaced with an alternate juror could have been raised on direct appeal.

- *Claim No. 3.* The claim that the victim committed perjury in her victim impact statement could have been raised on direct appeal.

- *Claim No. 4.* The claim that the mittimus contained an error could have been raised on direct appeal. Regardless, the trial

---

[2] To the extent Garcia includes allegations of ineffective assistance of counsel within certain of his claims — i.e., that counsel sat too far away from him at trial, that counsel should have challenged an alleged false statement in the victim impact statement, that he did not have enough time to consult with his lawyer before sentencing, and that counsel did not properly represent him at trial or at sentencing — those claims are vague and conclusory because they lack specific factual allegations concerning deficient performance or prejudice. *See People v. Delgado*, 2019 COA 55, ¶ 8; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (To prevail on an ineffective assistance of counsel claim, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced his defense.").

court issued an amended mittimus correcting the error in January 2024.[3]

- *Claim No. 5.* The claim that the trial court erred by allowing the victim to be referred to as "Dr. Kerr" could have been raised on direct appeal. In addition, according to the postconviction court, the victim testified at trial that she earned a Ph.D. from Columbia University. *See People v. Duran*, 2025 COA 34, ¶ 15 (The court may deny a postconviction claim without a hearing when "the record directly refutes the allegations.").

- *Claim No. 6.* The claim that the trial court erred by admitting expert valuation testimony was raised and resolved on direct appeal. *See Garcia*, ¶ 54.

- *Claim No. 7.* The claim that the trial court closed the courtroom to the public, including members of Garcia's family, could have been raised on direct appeal.

---

[3] To the extent Garcia argues that the error in the mittimus affected his direct appeal, he offers no support — factual or legal — for that argument, so we decline to address it. *See People v. Larsen*, 2023 COA 28, ¶ 19 n.4 (declining to address conclusory arguments presented without supporting authority).

- *Claim No. 8.* The claim that the prosecution committed misconduct was raised and resolved in the direct appeal. The division rejected Garcia's arguments that the prosecutors committed misconduct by referring to the homeowner as "our victim," explaining that Garcia "asked for a trial," misstating evidence, or by suggesting that an acquittal would have to be based on speculation. *See id.* at ¶¶ 59-62. Garcia's additional argument that one of the prosecutors portrayed him in a "negative" and "demeaning" light during opening statement and closing argument could have been raised on direct appeal.

- *Claim No. 9.* The claim that the Denver police improperly caused Garcia to be late to trial was raised and rejected on direct appeal. *See id.* at ¶ 40 (explaining that the record established that Garcia was "present for voir dire and other parts of the trial"). To the extent Garcia argues that the police violated his Fourth Amendment rights, that claim could have been raised on direct appeal.

- *Claim No. 10.* The claim challenging the sentence could have been raised on direct appeal. And to the extent Garcia alleged that the court improperly imposed consecutive sentences, the

mittimus shows that the sentences were ordered to run concurrently. *See Duran*, ¶ 15.

- *Claim No. 11.* The claim that the trial court erred by denying Garcia's motion for a mistrial based on an alleged violation of his right to a fair cross section of jurors could have been raised on direct appeal.

- *Claim No. 13.* The claim that the trial court erred by denying Garcia's objection to proceeding to trial in July 2020 was partially raised and resolved on direct appeal. In his objection, Garcia argued that requiring jurors to wear masks and be seated throughout the courtroom would violate his constitutional rights. The division rejected those arguments. *See Garcia*, ¶¶ 16-26. To the extent the objection raised additional arguments, those arguments could have been raised on direct appeal.

- Any claim related to the sufficiency of the evidence to support the convictions is successive because the division rejected Garcia's sufficiency challenges on direct appeal. *See id.* at ¶¶ 44-48.

### C. Unpreserved Claims

¶ 11 Two of Garcia's claims were not raised in his Rule 35(c) motion. Therefore, they are not preserved for review. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

- *Claim No. 1.* The claim that the Chief Justice lacked authority or jurisdiction to exempt Garcia's trial from the COVID-19 order barring jury trials was raised for the first time on appeal, not in the Rule 35(c) motion.

- *Claim No. 12.* The claim that the trial court erred by denying Garcia's C.A.R. 21 petition to the supreme court was raised for the first time on appeal. In any event, neither the trial court nor this court has jurisdiction to review a C.A.R. 21 petition. *See People v. Sherwood*, 2021 CO 61, ¶ 13 ("C.A.R. 21(a)(1) vests [the supreme court] with sole discretion to exercise [its] original jurisdiction.").

### III. Disposition

¶ 12 The order is affirmed.

JUDGE SCHOCK and JUDGE BERGER concur.